O’NIELL, C. J.
 

 Tbe appellant stands convicted of embezzlement of funds on deposit in a bank, of wbicb be was cashier, and is sentenced to imprisonment in tbe penitentiary. He was indicted and tried jointly with one Robicbaux, wbo was vice president of tbe bank at the time of tbe alleged embezzlement. Daspit’s defense was that he bad not committed tbe embezzlement, that be only knew of it after it was committed, and could not be guilty of any greater offense than that of an accessory after tbe fact, for having protected Robicbaux by failing to expose him. Both of the defendants were convicted, but, on appeal, tbe conviction of Daspit was annulled and a new trial granted him because the judge bad refused to charge tbe jury on tbe difference between being guilty as a principal in a crime and being guilty only as an accessory after tbe fact. See State v. Robichaux et al., 165 La. 497, 115 So. 728. On tbe second trial Daspit was convicted again of embezzlement and sentenced to imprisonment in tbe penitentiary, and, on appeal, the conviction was adjudged valid, but tbe sentence was set aside and 'the case was remanded to the district court for tbe judge to rule upon tbe motion for a new trial, by deciding whether in bis judgment vhe evidence was sufficient to prove tbe guilt of Daspit beyond a reasonable doubt. See State v. Daspit, 167 La. 53, 118 So. 690.
 

 The motion for a new trial was assigned for argument in tbe district court, and, after hearing tbe arguments, the judge overruled the motion on the ground that tbe evidence did convince him of Daspit’s guilt beyond a reasonable doubt. Tbe defendant’s attorneys reserved a bill of exceptions to tbe ruling, which, however, presents only a question of fact as to tbe guilt or innocence of tbe defendant, as to which this court has not jurisdiction.
 

 At the conclusion of the arguments on the motion for a new trial, and when tbe judge was about to pronounce judgment, one of tbe attorneys for the defendant requested the judge to take the matter under advisement, and to give a written statement of bis findings. The judge refused both requests, and bis refusal is complained of in tbe bill of exceptions. The complaint is not well founded. There was no reason for tbe judge to withhold bis ruling after be had come to a conclusion. It would have served no purpose if the judge had given a written statement of his findings of fact, on the question of guilt or innocence of the defendant, for the findings were not subject to review.
 

 The conviction and Sentence are affirmed.