195 So.2d 267

**STATE of Louisiana**

v.

**Robert STOKES.**

No. 48313.

Feb. 20, 1967.

A. J. Spedale, Bert K. Robinson, Baton Rouge, for appellant-defendant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

In this criminal prosecution Robert Stokes was charged with armed robbery, tried, convicted and sentenced to imprisonment in the penitentiary at hard labor for a

term of thirty years. On this appeal he relies upon three bills of exceptions to support his contention that there was error in the proceedings at the trial for which his conviction and sentence should be annulled.

During the trial the State sought to introduce three items of new clothing which had been found in the residence of the accused when it was searched by the police. It was contended the accused purchased this wearing apparel the day after the robbery with money obtained in the robbery. To support the authority of the officers to conduct the search without a search warrant, the State produced a waiver in writing signed by the accused in the presence of three witnesses, authorizing the police "* * * to conduct a complete search of my residence located at 1404 North Acadian West, Baton Rouge, Louisiana. These detectives are authorized by me to take from my residence any letters, papers, materials or other property which they may desire."

Counsel for the accused objected to the introduction of the wearing apparel, asserting that the written waiver, which Stokes admitted signing, was not intended to cover a search for those items. Stokes signed the waiver, he said, upon the representation of the law enforcement officers that they were looking for the gun and money which were related to the robbery. Hence, he concludes, there was no authority to enter his residence to search and seize wearing apparel.

Officer Sidney Mack, Jr. of the Baton Rouge City Police testified that the accused did not restrict the written permission which he gave. And the written waiver is obviously unconditional.

When the trial court overruled the defense objection and permitted the introduction of the three items of wearing apparel, defense counsel reserved and thereafter perfected Bill of Exceptions No. 1.

■ In his per curiam the trial judge sets forth that the voluntary character of the waiver was established to his satisfaction by the written document signed by the accused and also by Officer Mack's testimony. The only evidence to the contrary was the testimony of the accused himself which the judge did not believe. We find no error in this finding.

■ It is in accord with general principles fully supported by decisions of the Federal Supreme Court and the jurisprudence of the states that an individual is permitted to waive constitutional provisions intended for his benefit. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Alabama Cartage Co. v. International Brotherhood T.C.W., 250 Ala. 372, 34 So.2d 576, 2 A.L.R.2d 1273; 16 Am.Jur.2d Constitutional Law § 131. The waiver may be in writing, Lee v. Tillotson, 24 Wend. 337 (N.Y.1840), and it must be voluntary. Although we review the issue of fact on the voluntary character of the waiver, that de-

termination is, in the first instance, a question to be resolved by the trial judge. The law accords to the judge a discretion in this fact-finding function which, unless abused, will not be disturbed on appeal. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949).

■ Thus the right to be secure in one's person and effects against unreasonable searches and seizures may be waived, and, when unequivocal consent is given, the search cannot be regarded as unreasonable or in violation of the constitutional guarantees contained in the Fourth Amendment of the Federal Constitution or in Article I, Section 7, of the Louisiana Constitution of 1921. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); Amos v. United States, 255 U.S. 313 (1921); State v. Turner, 248 La. 141, 177 So.2d 115 (1965); State v. Pennington, 244 La. 650, 153 So.2d 876 (1963); 47 Am.Jur., Searches and Seizures § 71. See also Pigg v. Commonwealth, 284 S.W.2d 670 (Ky.1955) where the court held that a waiver to search for certain objects would support the discovery and seizure of others.

■ Under the law and the facts, we find no merit to Bill of Exceptions No. 1.

Officer Sansone, a state witness, testified that the accused told him the wearing apparel had been purchased prior to the alleged robbery. Whereas, Mary Stokes, another state witness, and the defendant's sis-

ter, stated that she first saw the clothes in the house after the robbery.

The State then offered to introduce the wearing apparel into evidence, at which time defense counsel objected contending the evidence was irrelevant. It is argued that the evidence is irrelevant because the State did not establish that the defendant bought the clothes after the robbery. The objection was overruled and Bill of Exceptions No. 2 was reserved.

As the per curiam of the trial judge explains, the State had shown that the accused was in financial difficulties prior to the robbery and that he had money with which to purchase the items of wearing apparel shortly after the robbery.

■ As the victim of the robbery was unable to identify the accused with certainty, the State is relying heavily upon circumstantial evidence to sustain the prosecution. In such cases where the main reliance is upon circumstantial evidence, the rules relating to the admissibility of evidence are to some extent less rigidly applied. This practice prevails in order that every circumstance, however remote, which may tend to shed light upon the issue in the case, may be heard by the trier of fact and entered into the record. State v. Jackson, 153 La. 517, 96 So. 53 (1923).

■ We think that, though it is circumstantial, the evidence sought to be introduced would tend to show the commission of

the offense. It was offered for the purpose of showing that since the robbery the accused had, in some unexplained fashion, come into possession of money which enabled him to acquire this new clothing. These circumstances support a reasonable inference that the accused obtained the money for the purchase of the clothing from the robbery victim. This is enough to establish relevancy in our law. La.R.S. 15:441, 15:442.

■ When evidence is proffered and a dispute arises concerning its relevancy, the court should determine whether there is a logical or rational connection between the fact which is sought to be proved and the fact which is at issue in the case. 1 Jones on Evidence § 153 (1958).

■ There is a need in such cases to distinguish relevancy from the weight or proof of the proffered evidence. The evidentiary fact offered "does not need to have strong, full, superlative, probative value * * * or to produce persuasion by its sole and intrinsic force, but merely to be worth consideration by the jury * * *." Wigmore, Sec. 27, p. 231 (1923).

We find Bill of Exceptions No. 2 to be without merit.

Finally Bill of Exceptions No. 3 was reserved when the accused filed a motion for a new trial and it was overruled. The motion for a new trial, aside from reurging the alleged errors outlined in Bills Nos. 1 and 2 which we have found to be without merit, set forth that the verdict was contrary to the law and the evidence. It was further alleged in the motion that "the evidence was not of a sufficient nature to exclude every other reasonable hypothesis."

■ There is no error in the ruling of the court denying this motion. An allegation that the verdict is contrary to the law and the evidence presents nothing for review. La.R.S. 15:509. Nor do we pass upon the "sufficiency" of the evidence to sustain an essential element of the crime. This court will only determine if there is "some" evidence to support the essential elements of the crime. If there is "some" evidence, no matter how little, we will not disturb the verdict. Ample evidence to support the essential elements of the crime is found in the record before us.

For the reasons assigned the conviction and sentence are affirmed.

HAWTHORNE, J., absent.