Domingo Gonzales VALDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 45019.

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 19, 1972.

W. John Allison, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed by the jury at life imprisonment.

Appellant contends that the instant case should be reversed because: (1) the evidence is insufficient to support the conviction; (2) the conviction is the product of an illegal search and seizure; and (3) the trial court committed reversible error in admitting into evidence State's Exhibit Number 13, a "tie-off rag" found on the arm of one of the persons arrested with appellant.

Acting upon the tip of an informant, officers of the Dallas Police Department established a surveillance on a dwelling located in that city. During the several days that this surveillance was maintained, officers observed appellant and known narcotics users enter and leave the dwelling.

On December 30, 1969, at 7:00 P.M., Officer D. L. Hamer, Officer B. T. Zapata, and other officers of the Narcotics Section of the Dallas Police Department, executed a search warrant at the dwelling. Officer Zapata went to the door and knocked. Looking through a small opening in the curtains on the window of the door, he observed appellant leave the kitchen and walk toward the front door. Officer Zapata identified himself as Rafael Valecio, who is a former brother-in-law of the appellant; and when appellant opened the door, the officers immediately entered.

The officers walked through the living room, where several children were watching television, and proceeded to the kitchen. There they observed appellant's brother and sister-in-law "capping" heroin into gelatin capsules. They then went to the bedroom, found no one, and proceeded to the bathroom. They found that the bathroom door was locked. Kicking it open, they saw Kay Bailey, Frances Hernandez, and David Martinez. Bailey was standing by the bathtub; Hernandez was kneeling on the floor behind the door; and Martinez was kneeling at the commode with a "tie-off rag" on his arm and a syringe in his hand. In addition to the three persons, the officers found heroin capsules and narcotics paraphernalia in the bathroom.

No narcotics were found on appellant's person, but needle marks were observed on

his arm. The court charged the jury on the law of principals.

The test to be applied in determining the sufficiency of the evidence to support a conviction for the violation of Article 725b, Vernon's Ann.P.C., was stated by this court in Rodriguez v. State, 164 Tex. Cr.R. 641, 301 S.W.2d 921:

"We must accept the findings of the jury on conflicting testimony and determine whether or not there is evidence from which they were warranted in finding beyond a reasonable doubt that the defendant committed the offense, as charged."

■ Possession need not be exclusive, and evidence which shows that the accused jointly possessed the narcotic with another is sufficient. E. g. Shortnacy v. State, Tex.Cr.App., 474 S.W.2d 713; Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763. However, proof of mere presence at a place where narcotics are being used does not, in itself, justify a finding of joint possession. E. g. Kinkle v. State, Tex.Cr.App., 474 S. W.2d 704; Culmore v. State, Tex.Cr.App., 447 S.W.2d 915; Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56. The state has the burden of proving: (1) that the accused exercised actual care, control, and management over the contraband, and (2) that he knew the object which he possessed was contraband. Ramos v. State, Tex.Cr. App., 478 S.W.2d 102; Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541. Therefore, the evidence must affirmatively link the accused to the contraband. Haynes v. State, Tex.Cr.App., 475 S.W.2d 739.

■ In the instant case the state showed that: (1) the narcotics in the kitchen were in open view; (2) the appellant left the kitchen to answer the knock on the front door; (3) he was a frequent visitor to the residence; and (4) appellant had needle marks on his arm. [1]

We find that this evidence sufficiently links appellant to the heroin discovered in the kitchen to present a case for jury determination. See Yantis v. State, Tex.Cr. App., 476 S.W.2d 24; Haynes v. State, supra; Martinez v. State, Tex.Cr.App., 473 S.W.2d 520; Valdez v. State, Tex.Cr.App., 472 S.W.2d 754; Daltwas v. State, Tex. Cr.App., 375 S.W.2d 732. The evidence is sufficient to support the conviction.

■ With regard to appellant's challenge to the search, we note that the search warrant and affidavit are not included in the record. Hence, nothing is presented for our review. Satillan v. State, Tex.Cr.App., 470 S.W.2d 677.

■ Appellant's contention with regard to the admissibility of State's Exhibit No. 13, the "tie-off rag" found on Martinez, is based on his allegation "that the state failed to show a proper chain of custody or chain of evidence as it pertained to the care, custody, and control" of this exhibit. The record reflects that Officer Hamer identified such exhibit by the initials which he had placed on it at the time it was seized. No error is shown.

Appellant's pro se briefs have been reviewed and found to be without merit.

There being no reversible error, the judgment is affirmed.

1. The fact that a person accused of the possession of an injectable narcotic has needle marks on his arm is relevant to proving his guilt. See Gomez v. State, Tex.Cr.App., 470 S.W.2d 871; Feather v. State, 169 Tex.Cr.R. 334, 333 S.W.2d 851; State v. Williams, 260 La. 1167, 258 So.2d 539 (1972). However, such evidence may not be admissible in all types of criminal cases. Powell v. State, Tex.Cr.App., 478 S.W.2d 95. It should be further noted that needle marks on an accused's arm are of negligible, if any, probative value in cases of marihuana possession. E. g. Kinkle v. State, Tex.Cr.App., 474 S.W.2d 704; Reid v. State, Tex.Cr.App., 474 S.W.2d 702.