SANDERS, Chief Justice.
Charlie Courtney, III, was charged by bill of information with the simple burglary of a Food Town Service Center in Baton Rouge, Louisiana, a violation of LSA-R.S. 14:62. He was convicted after a trial by jury and sentenced to serve four and a half years at hard labor in the custody of the Louisiana State Department of Corrections. He now appeals, relying upon two bills of exceptions.
BILL OF EXCEPTIONS NO. 1
Bill of Exceptions No. 1 was reserved to the State’s introduction into evidence of two photographs. State Exhibit No. 1 is a photograph of a service door in the rear of the building in which a glass pane has been broken. State Exhibit No. 2 is a photograph of a window in the same building in which there is also .a broken pane of glass and a wrench lying on the window ledge.
The defendant argues that these photographs are neither relevant nor material to the case at bar and, thus, inadmissible as evidence. Defense counsel bases this argument on the prosecution’s alleged failure to establish any factual connection between the photographs and the defendant. The record, however, refutes the argument.
James Mitchell, an investigating police officer, testified that he first knew something was amiss when he heard glass break and a burglar alarm go off. He caught defendant as he emerged from the building by way of the hole depicted in State Exhibit No. 1. State Exhibit No. 2 shows the broken window that caused the burglar alarm to go off, attracting the attention of the arresting officers.
The record, therefore, discloses a sufficient connection between the photographs introduced and the defendant on trial for the evidence to be considered by the jury. We hold that the photographs are relevant evidence with sufficient probative value to warrant their admission into evidence. See State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Giles, 253 La. 533, 218 So.2d 585 (1969); State v. Stokes, 250 La. 277, 195 So.2d 267 (1967).
Bill of Exceptions No. 1 has no merit.
BILL OF EXCEPTIONS NO. 2
Bill of Exceptions No. 2 was reserved when the prosecutor, in his closing statement to the jury, mentioned a second person involved in the crime, “a fellow thief in the night” who escaped with a hundred dollars. Defense counsel also moved for a mistrial on the ground that the remark was prejudicial to the accused in that it assumed a fact not proven at trial. Defense counsel argues that the State went outside the record, that both counsel are constrained to limit argument to facts introduced in evidence, to matters of general or common knowledge, and to the fair and reasonable conclusions to be drawn therefrom.
Our review of the transcript convinces us that the prosecution’s remarks were within the scope of Article 774 of the Louisiana Code of Criminal Procedure, which provides:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
“The argument shall not appeal to prejudice.
*809 “The state’s rebuttal shall be confined to answering the argument of the defendant.”
Ample testimony was given by the arresting officers and other witnesses, without objection, to substantiate the reference to an accomplice and the missing money. Moreover, in our opinion, defendant was in no way prejudiced by the statement. See LSA-C.Cr.P. Art. 921; State v. Daniels, 262 La. 475, 263 So.2d 859 (1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1378, 35 L.Ed. 2d 610 (1973).
Bill of Exceptions No. 2 is also without merit.
For the reasons assigned, the conviction and sentence are affirmed.