306 So.2d 703 (1975)
STATE of Louisiana
v.
Charles FREEMAN, Jr.
No. 55237
Supreme Court of Louisiana.
January 20, 1975.
William H. Hallack, Jr., Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant was charged by bill of information with the crime of armed robbery in violation of La.R.S. 14:64. He was tried by a jury, found guilty, and sentenced to 12 years at hard labor. Defendant appeals his conviction and sentence to this court, relying upon one bill of exceptions.
This bill was reserved when the trial judge overruled the objection to the introduction of a pistol allegedly used in the commission of the crime. Defendant contends the evidence fails to show the relevancy of the pistol or that a proper chain of custody was established to permit its introduction.
The testimony attached to this bill indicates that one Major Gay was approached and asked to get a pistol which he had and to join a group of individuals composed of defendant and four others. The gist of the testimony is that Major Gay, after securing his pistol, turned it over to one of his confederates. They proceeded in a vehicle to the robbery scene. One of the participants saw defendant commit the robbery with a pistol. The pistol was returned to Gay after the robbery. He returned it to his home and placed it in his coat pocket where it was later recovered by the police. Gay testified that the pistol produced at trial was the same one which he was requested to get and which had been taken to the robbery scene. Additionally, the victim testified that the pistol looked like the one used in the robbery.
*704 The rule defining relevant evidence is set forth in La.R.S. 15:441, as follows:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
In State v. Giles, 253 La. 533, 218 So.2d 585 (1969), this court cited State v. Stokes, 250 La. 277, 195 So.2d 267 (1967), for the following proposition:
... when evidence is proffered and a dispute arises concerning its relevancy, the court should determine whether there is a logical or rational connection between the fact which is sought to be proved and the fact which is at issue in the case. See also 1 Jones on Evidence § 153 (1958). And there is a need in such cases to distinguish relevancy from the weight or probative value of the proffered evidence. The evidentiary fact offered does not need to have strong, full, superlative value, or to produce persuasion by its sole and intrinsic force, but it is sufficient if it is worth consideration by the jury. Wigmore on Evidence § 27, p. 231 (1923).
Hence, it is obvious that the pistol was relevant evidence, and the trial court properly permitted its introduction into evidence.
Detective McClanahan testified that he recovered the pistol from the residence of Willie Gay, located at 3610 Cooper Street. He had received information that Mr. Gay's son, a juvenile, was involved in the robbery. Mr. Gay permitted him to search the residence where a gun was found in a coat pocket. The gun was tagged and taken to the Monroe Police Department. It was turned over to the custodian of evidence where it remained until the date of trial, at which time it was checked out by Detective McClanahan. He produced it at trial identifying his writing on the tag and the serial number on the pistol.
We stated in State v. Gladden, 260 La. 735, 257 So.2d 388 (1972) that:
The chain of custody or connexity of the evidence is a matter for the jury to decide, so long as the objects introduced are shown to be reasonably connected with the defendant or the crime and have some relevancy which the trial judge considers sufficient to warrant their introduction into evidence. State v. McQueen, 257 La. 684, 243 So.2d 798 (1971); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970); State v. Coleman, 254 La. 264, 223 So.2d 402 (1969).
In State v. Dotson, 260 La. 471, 256 So. 2d 594 (1971), we held:
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. *705 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton's Criminal Evidence (12th ed.), § 673, p. 617.
We conclude that the evidence herein clearly establishes a chain of custody of the pistol and thus it was properly received in evidence.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.