# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00236-CR

**David Alan Dane, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 8830, HONORABLE ROBERT BARTON, JUDGE PRESIDING

A jury found appellant David Alan Dane guilty of the offense of possession of a controlled substance, cocaine, in an amount of less than one gram. *See* Tex. Health & Safety Code Ann. § 481.115(b) (West Supp. 2001). The trial court assessed appellant's punishment at confinement in a state jail facility for one year. Appellant complains on appeal that the trial court erred in allowing the State to introduce into evidence expert testimony from the arresting officer concerning the officer's opinion that a needle caused a mark on appellant's arm. Appellant also complains that the evidence is legally and factually insufficient to support the guilty verdict. We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 10, 1999, Officers Schwartz and York responded to a domestic disturbance call at the home of Jackie Montoya. When the officers arrived, a young girl answered the door and told the officers that "he's hurting my mama." She then pointed to the room where her mother was. The officers heard a man and woman screaming in the room and the woman was yelling "help me." Officer York knocked on the door. When appellant opened the door, the officers observed both appellant and Jackie Montoya in the room. Appellant was sweating profusely, and was agitated and excited, as though he were on a "stimulant." The officers pulled appellant out of the room, handcuffed him, and laid him face-down on the hallway floor. Officer Schwartz calmed Montoya and checked her for physical injuries. There appeared to be no evidence of physical abuse, although Officer Schwartz testified that she did observe what she believed to be a "needle mark" on Montoya's arm.

While in the bedroom, Officer Schwartz observed on a dresser and in plain view, a clear plastic bag containing a small amount of a white powdery substance, a metal spoon, a cotton ball, two syringes, and a pocket knife. The officer also found another spoon in the dresser and five unused syringes in Montoya's closet wrapped in a woman's shirt. Officer Schwartz, having already secured appellant, then arrested Montoya for possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(b). The officers testified that photographs of the evidence had been taken; however, by the time of trial, the photographs had been lost.

2

Officer Schwartz testified at trial and identified all of the objects found on the dresser at Montoya's house. She stated that the items seized belonged to Montoya because they were found in Montoya's residence. Officer Schwartz later testified that she logged in all the items found at the residence as belonging to both appellant and Montoya, but that the computer print-out only showed Montoya as the owner.[1] The officers did not take fingerprints from any of the evidence found at Montoya's residence that was admitted at trial.

During Officer Schwartz's testimony, and over appellant's objection, she stated that when she arrested appellant she observed what she believed to be "a fresh needle track" or a "fresh puncture wound from a needle" on his arm. Appellant objected on the basis that the witness had not been properly qualified to identify a cause of the mark. The trial court overruled the objection.

**DISCUSSION**

Appellant presents three issues on appeal. We will first address his complaint about the sufficiency of the evidence. In a legal sufficiency challenge, the standard of review is well settled. The question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Staley v. State*, 887 S.W.2d

---

[1] Officer Schwartz testified that she logged appellant as the owner of the pocket knife but did not remember why she determined he was the owner.

885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

A factual sufficiency review begins with the presumption that the evidence supporting the judgment was legally sufficient. *Clewis v. State*, 922 S.W.2d 126, 134-35 (Tex. Crim. App. 1996). In a challenge to the factual sufficiency of the evidence, we view the evidence without employing the prism of "in the light most favorable to the verdict." *Id.* at 129. A reviewing court must consider all of the evidence impartially, comparing evidence that tends to prove the existence of a disputed fact or facts with evidence that tends to disprove the fact or facts. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). The verdict or judgment is to be set aside only when the factual finding is so against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129; *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd untimely filed).

Appellant asserts that the evidence presented by the State was insufficient to support his conviction for possession of cocaine. Specifically, appellant urges that because he was not in exclusive control of the premises where the contraband was located, the State was required to "affirmatively link" him with the contraband, which, he asserts, the State failed to do.

To support a conviction for unlawful possession of a controlled substance, the State is required to present proof of two elements: (1) that the accused exercised care, custody, control, or management over the contraband; and (2) that the accused knew the substance being possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). If the accused

4

does not exclusively control the premises where the contraband is located, one cannot conclude that the accused had the requisite knowledge and control over the substance. Additional facts and circumstances that affirmatively link the accused to the contraband. *Id*. Additional factors to consider are whether the substance was in plain view, the proximity of the defendant to the substance and its accessibility or visibility to the defendant, the plain visibility of paraphernalia, and any physical symptoms exhibited by the defendant indicating recent use of the substance. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.–Austin 1991, pet. ref'd). Observations of other factors indicating recent drug use such as "track marks" may be considered as well. *Davila v. State*, 930 S.W.2d 641, 645 (Tex. App.–El Paso 1996, pet. ref'd).

Viewed in the light most favorable to the verdict, the testimony at trial established that the cocaine was in "plain view," appellant was within an arm's reach of the drugs and the drugs were readily accessible on the dresser, other drug paraphernalia[2] was easily accessible and in "plain view," and appellant's physical condition indicated recent consumption of cocaine.[3] *See Kyte v. State*, 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.) (listing factors to be considered when evaluating affirmative links). In addition, as argued by the State in its brief, appellant exercised control over the premises in which the cocaine was found by opening the door to the bedroom in response to a knock by police. The State also points out that the appellant had

---

[2]  Officer Schwartz testified that cotton balls and spoons are common paraphernalia used to aid in the ingestion of cocaine.

[3]  According to Officer Schwartz's testimony, appellant's behavior, his profuse sweating and agitated state, is consistent with recent cocaine consumption.

5

been in the house long enough for (1) a child to recognize an emergency situation, (2) call 911, and (3) the officers to respond and gain access to the bedroom.

Appellant points out that the State did not introduce any testimony that appellant at any time ever touched or handled, in any way, any of the items seized by Officer Schwartz. Furthermore, appellant argues, there was no circumstantial evidence to show that he had handled the seized items. He argues that the home in which he was arrested was not his; the officers did not conduct a fingerprint analysis on any of the items seized; no illegal substances were found on his person; he did not try to flee or resist arrest; and finally, the testimony of Officer Schwartz concerning the mark on appellant's arm was not enough to create an affirmative link tying appellant to this particular cocaine.

While we find appellant's argument against the evidence compelling, we do not believe that the affirmative links are so deficient as to render them insufficient. Having examined the evidence in the light most favorable to the verdict, we conclude that a reasonable trier of fact could have found the essential elements of possession of cocaine beyond a reasonable doubt. In addition, after reviewing all of the evidence, we believe the verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Therefore, we overrule appellant's second and third issues.

We now turn to appellant's first issue, whether the trial court erred in allowing the testimony of Officer Schwartz concerning the cause of the mark on appellant's arm. Appellant argues that the trial court violated *Robinson*, *Kelly*, and Texas Rule of Evidence 702 when it

6

allowed Officer Schwartz to give her opinion concerning the mark on appellant's arm. *See* Tex. R. Evid. 702; *E.I. DuPont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995); *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). Appellant contends that Officer Schwartz was not properly qualified to determine the origin of a mark on appellant's arm. *See Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Robinson*, 923 S.W.2d at 558; *Kelly*, 824 S.W.2d at 572 . The qualification of a witness as an expert is within the trial court's discretion. *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996); *Robinson*, 923 S.W.2d at 558. We do not disturb the trial court's discretion absent clear abuse. "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *Robinson*, 923 S.W.2d at 558. Further, the party offering the expert's testimony bears the burden to prove that the witness is qualified under Texas Rule of Evidence 702. *Broders*, 924 S.W.2d at 151.

In addition to arguing that Officer Schwartz was not qualified to give her opinion, appellant also states that "under a Robinson analysis, witness Schwartz' opinion was not relevant." However, the State argues that Texas courts have consistently held that "a qualified officer may state that he observed punctures in the defendant's arm, which, in his opinion would come from injecting needles in his arm." *Gomez v. State*, 470 S.W.2d 871, 873 (Tex. Crim. App. 1971) (citing *Feather v. State*, 333 S.W.2d 851, 853 (Tex. Crim. App. 1960), *overruled on other grounds*, 687 S.W.2d 748 (Tex. Crim. App. 1985)). In *Gomez*, the officer testified that defendant's left arm bore infected needle tracks, which indicated that there had been numerous needle injections at that locality in defendant's arm. The officer further testified that such needle

7

marks are caused when heroin is injected into the arm with a syringe. *Gomez*, 470 S.W.2d at 873. The testifying officer in *Gomez* had been a police officer for twelve years, had been on the narcotics squad for three years, and had observed the arms of hundreds of heroin addicts. *Id.*

In *Valdez v. State*, 481 S.W.2d 904 (Tex. Crim. App. 1972), the State showed: (1) the narcotics found in the kitchen were in open view; (2) the appellant left the kitchen to answer the knock on the front door; (3) he was a frequent visitor to the residence; and (4) appellant had needle marks on his arm. *Id.* at 906. In addition to concluding that this evidence sufficiently linked appellant to the drugs, the court in *Valdez* also held that the fact that a person accused of the possession of an injectable narcotic has needle marks on his arm is relevant in proving his guilt. *Id.* at 906 n.1.

Officer Schwartz testified that she had eight years of law enforcement experience, she worked as an emergency medical technician ("EMT") and was familiar with drug overdoses and people who had been injected. While working as an EMT, Officer Schwartz also testified that she had the opportunity to "check different needles and the bluntness of each different type of needle."

We conclude that Officer Schwartz was qualified to give her opinion concerning the mark on appellant's arm. Moreover, Texas case law permits a qualified officer to give an opinion about needle marks on a suspect's arm if it is relevant to proving guilt. Because the physical condition of the accused, which in this case indicates recent consumption of the discovered contraband, is a factor in creating an affirmative link between the appellant and the

drugs, we believe Officer Schwartz's testimony was relevant. Therefore, we overrule appellant's first issue.

## CONCLUSION

Having concluded that the evidence is both legally and factually sufficient to uphold the verdict and having determined that Officer Schwartz was qualified to give her opinion about the cause of the mark on appellant's arm, and that such opinion was relevant, we overrule appellant's three issues and affirm the conviction.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   March 8, 2001

Do Not Publish