O’NIELL, Chief Justice.
 

 The appellant was convicted of the crime of assault with intent to commit rape, and was sentenced to imprisonment in the penitentiary for ten years.
 

 The district attorney in his argument to the jury expressed his opinion as to what the law was on a certain issue in the case, and one of the attorneys for the defendant objected' that that was not the law on the subject. The judge instructed the jury that the attorneys on either side had the right to argue the law of the case, but that the jurors should accept as the law the instruction which the judge would give in his charge to the jury, - and not the opinion expressed by any attorney in his argument. The attorneys for the defendant made no further objection; and one of them, in his testimony on the trial of a motion for a new trial, admitted that he acquiesced in the instruction given by the judge to the jury. There is therefore nothing in the exception to the district attorney’s remark to the jury.
 

 After the defendant was convicted he filed a motion for a new trial, the motion being founded upon five complaints, namely, (1) that the verdict was contrary to the law and the evidence, (2) that one of the jurors who served on the trial of the case, namely, Taz Clack, was related to the prosecuting witness, notwithstanding, on his voir dire examination, he declared that he was not related to her either by blood or marriage, (3) that the State’s witnesses, who were ordered to remain out of the court room during the trial, and who were assembled in an adjoining room, opened the door in order to listen while the witnesses were testifying, (4) that one, McAllister, who was not summoned as a witness, was allowed to go into the room with the State’s witnesses during the trial. The fifth complaint was merely a repetition of the ex
 
 *242
 
 -ception taken to the remark made by the •district attorney in his argument to the jury.
 

 The complaint that the verdict was •contrary to the law and the evidence is a matter over which this court has not jurisdiction.
 

 The complaint that there was a family relationship between the juror, Taz •Clack, and the prosecuting witness is founded upon two very remote family ties. One •of them was that the father of Taz Clack’s wife and the grandmother of the prosecuting witness were first cousins. The other relationship was that Taz Clack’s wife and .the wife of an uncle of the prosecuting witness were first cousins. On the trial of the motion for a new trial Taz Clack admitted that he had denied, on his voir dire examination, that there was any family connection between him and the prosecuting witness. He testified that he did not know at the time of the trial that his wife’s father and the grandmother of the prosecuting witness were first cousins; that he learned of that relationship after the trial, and aft•er one of the attorneys for the defendant asked him if there was such a relationship between the two families.- Clack admitted, in his testimony on the trial of the motion for a new trial, that he knew, at the time when he was examined on his voir dire, that his wife and the wife of an uncle of the prosecuting witness were first cousins. He said that the reason why he did not mention that fact when he was asked on his voir dire examination whether there was any relationship between him and the prosecuting witness was that he “did not think that that had any bearing whatever on the part of” the father of the prosecuting witness. A brother of the father of the prosecuting witness was the one whose wife was a first cousin of Taz Clack’s wife. It is probable that these family ties between Taz Clack’s wife and the family of the prosecuting witness in this case would not have been deemed close enough to disqualify Taz Clack for service as a juror if the relationship had been made known by Clack on his voir dire examination, and if therefore he had been challenged for cause. It is provided in article 351 of the Code of Criminal Procedure that a prospective juror may be challenged successfully for cause if there is a relation, either by blood or marriage, or employment, or of friendship or enmity, between the prospective juror and the party accused, or between the prospective juror and the person injured, and if the relation is such that it must be reasonably believed that it would influence the juror in coming to a verdict. But it appears that the prosecuting witness in this case was under the age of twelve years. Hence the crime of which the defendant was accused was,, in its very nature, apt to arouse such intense indignation and prejudice on the part of the members of the family of the prosecuting witness as to divert their attention from the question of guilt or innocence of the party accused. There is little or no' doubt that the attorneys for the defendant in this case would have challenged Taz Clack, peremptorily if not for cause, if they had been informed of the connections between his family and that of the parents of the prosecuting witness. The record discloses that the
 
 *243
 
 defendant did not exhaust his peremptory-challenges in the impaneling of the jury. His attorneys were entitled to the information which would have afforded them the opportunity to challenge this juror for cause, and to challenge him peremptorily if the challenge for cause should have been overruled.
 

 A fact which adds to our doubt that Taz Clack was a qualified juror in this case is that the name, Taz Clack, appears on the list of witnesses who were to be summoned for the State. The list was endorsed on the indictment, presumably by the prosecuting attorney. There are twelve names on the list, including that of the prosecuting witness, and the names of her parents, and of others who appear to have been members or friends of the family. The name Taz Clack is the eleventh name on the list. No one named Taz Clack was called as a witness on the trial of the case. That fact might indicate that the Taz Clack whose name was included in the list of the State’s witnesses was the same Taz Clack who served on the jury and who for that reason was not called as a witness. The attorneys for the defendant have not referred to this coincidence, either in their motion for a new trial or in their brief. Possibly there are two Taz Clacks, or there may be some other explanation of the coincidence ; but the fact that the name is on the list of the State’s witnesses, endorsed on the indictment, should have been considered as of sufficient importance to call for an explanation if it had been brought to the attention of the trial judge.
 

 When the motion for a new trial was overruled the attorneys for the defendant excepted to the ruling and asked for and obtained permission to bring up the testimony taken on the trial of the motion; but they did not then or afterwards present to the judge a formal bill of exceptions. The transcript contains the notation that the bill was reserved, and it contains the motion for a new trial, and the written reasons assigned by the judge for overruling the motion. Our opinion is that the omission to have a formal bill of exceptions signed does not deprive the defendant of the right to have a new trial granted on appeal. Article 559 of the Code of Criminal Procedure provides that no new trial shall be granted on appeal unless a motion therefor has been made and refused in the lower court. It is not required that a bill of exception shall be reserved to the judge’s refusal of a new trial; and it was decided in State v. Soileau, 173 La. 531, 138 So. 92, that it was not necessary for the defendant to reserve a bill of exception to the overruling of his motion for a new trial, in order to bring up for review on appeal the alleged irregularities in the proceedings, objected to and excepted to at the time of their occurrence, and reiterated in the motion for a new trial. The court then declined to say whether the reserving of a bill of exception was necessary in the case of the overruling of a motion for a new trial founded upon objections arising after the trial. Our opinion is that the rule which was applied in Soileau’s case is applicable also to the overruling of a motion for a new trial founded
 
 *244
 
 upon information obtained by the defendant or his attorneys after the trial. Article 502 of the Code of Criminal Procedure, which provides that an error not patent on the face of the record is unavailing to the defendant unless obj ected to at the time when it was made, and unless a bill of exceptions was reserved at the time of the ruling thereon, is not appropriate to the overruling of a motion for a new. trial, and is certainly not appropriate to this case, where the overruling of the motion was objected to and excepted to at the time when the motion was overruled, and where the complaint was made promptly after the attorneys for the defendant were informed of the facts on which they based their complaint.
 

 The third complaint in the motion for a new trial—that one of the witnesses for the State opened the door between the witness room and the court room in an attempt to listen to the testimony—is a matter of no importance, because the record shows that the witness room was so far away from the witness stand that a person at the door of the witness room could not hear the testimony given on the witness stand.
 

 The fourth complaint—that the man named McAllister was called into the witness room and questioned by the district attorney in the presence of the witnesses for . the State—is not important, because McAllister was not called as a witness in the case. Only two witnesses, namely, the prosecuting witness and her mother, testified in rebuttal after McAllister was questioned by the district attorney iji the witness room, and the evidence taken on the trial of the motion for a new trial shows that it is not likely that either the testimony of the prosecuting witness or that of her mother, as rebuttal evidence, was affected by the questioning of McAllister in the witness room.
 

 After the motion for a new trial was overruled the attorneys for the defendant filed a motion in arrest of judgment; which motion also was overruled. It is contended in support of the motion that the record does not show that the jurors were sworn, either for the purpose of their voir dire examination or for the trial of the case. It is declared in the minutes of the court that the judge ordered the jury to be drawn for the trial of the case, “whereupon the following named jurors were duly and legally called, selected gnd sworn:” Then follows the name of each juror who- was so selected and sworn, and then the names of those who were challenged, either for cause or peremptorily. No complaint was made at the time of the impaneling of the jury that the jurymen were not sworn on their voir dire examination. And there is a sufficient showing that they were sworn according to law. The motion in arrest of judgment is not well founded.
 

 The verdict and sentence are annulled and the case is ordered remanded to the district court for a new trial