243 So.2d 269

**STATE of Louisiana**

**v.**

**Thomas HURST and Larry Lee Boudoin.**

**No. 50630.**

Jan. 18, 1971.

Benjamin E. Smith, New Orleans, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

GLADNEY, Justice ad hoc.

The defendants, Thomas Hurst and Larry Lee Boudoin, were charged in an information with armed robbery at Fatso's Bar in New Orleans, Louisiana, on October 27, 1968, and are appealing from their convictions and sentences thereunder to serve 50 years each. They received the same sentences, which are to run concurrently, in the case of State v. Boudoin and Hurst, 257 La. 595, 243 So.2d 269. The cases were argued together in this court.

During the course of the trial 14 bills were reserved. Apparently Bills Nos. 1, 7, 8, and 11 have been abandoned, as they were neither argued nor briefed in this court. We have, nevertheless, reviewed them and find they present no merit.

The other bills (Nos. 2, 3, 4, 5, 6, 9, 10, 12, 13, and 14) are all levelled, directly or indirectly, at the only argument made in this court, that is, that the rights of defendants were violated by rulings of the trial judge that permitted reference to or evidence of other armed robberies perpetrated by these same defendants that would tend to prove intent, system or knowledge on their part.

It seems there was a series of five robberies at small bars or taverns in the same general locality in New Orleans in the early morning hours within a period of some three weeks in October 1968, the description of the two men involved in each of

these robberies and their method of operation being similar. The robbery at Fatso's Bar, the crime with which defendants are charged in this case, was the last in the series and the first tried. Shortly after its commission, the defendants were apprehended and evidence connected with the robbery at Fatso's Bar, as well as some of the prior robberies, was found in their possession.

The ten bills now relied on were reserved when the prosecuting attorney made reference to the previous robberies in his opening statement; when some of the witnesses for the state were questioned with respect to these robberies, including one of the defendants while under cross-examination; and when the state sought to introduce the evidence found in the possession of defendants at the time they were apprehended following the robbery at Fatso's Bar. In the lower court no legal reason was given for such objections, and the statement contained in the bills themselves is merely that in objecting defense counsel was seeking to "exclude all reference or evidence to proof, system and intent."

In brief and argument in this court defense counsel recognizes that while evidence of other crimes, even those similar in nature, is not admissible to prove the offense charged, an exception to this rule permits restricted admission of such evidence where it is to show intent when intent is a necessary element of the crime, or to show motive. However, he contends such evidence was inadmissible here since intent and motive were never an issue in the case. He contends, further, that this exception has never been extended to permit the introduction of evidence for any other purpose than to establish intent and motive, citing Bush v. United States, 9 Cir., 267 F.2d 483; and if, under R.S. 15:445 and 446 [1] it is held such evidence is admissible for the purpose of showing "system," then these articles are unconstitutionally vague.

Counsel is in error in his primary premise, for intent is an essential element of the crime of armed robbery, and the evidence he seeks to exclude under this contention was clearly admissible for the purpose of showing that intent. State v. Montgomery,

[1]. R.S. 15:445 provides: "In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."

R.S. 15:446 provides: "When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."

170 La. 203, 127 So. 601; State v. Howard, 243 La. 971, 149 So.2d 409; State v. Evans, 249 La. 862, 192 So.2d 103; State v. Welch, 250 La. 719, 198 So.2d 902; and State v. Spencer, 257 La. 672, 243 So.2d 793. See, also, the annotation at 42 A.L.R.2d 854–890.

Furthermore, in Bush v. United States, cited as authority, the federal appellate court not only recognized an exception to the general rule permits evidence of other misconduct and crimes to show intent and motive, but that it is also admissible to show "design, scheme * * * or knowledge," and, accordingly, held admissible such evidence, stating this presented a question of fact to be passed on by the jury.

Having reached this conclusion, it is unnecessary for us to consider whether R.S. 15:446 is unconstitutionally vague, as contended.

In oral argument in this court, counsel contended that even if the evidence of another crime was admissible under the exception, evidence of a crime committed subsequent to the one then being tried would not be admissible. As pointed out above, the trial in the instant case was the last in the series and there was, therefore, no reference whatever during the trial to a subsequently committed crime to establish intent.

For the reasons assigned, the convictions and sentences are affirmed.