SANDERS, Justice.
 

 The State charged Morris Isaac with the armed robbery of John Dean on August 18, 1969. Following trial, the jury returned a verdict of guilty as charged. The trial judge sentenced the defendant to a term of 35 years in Louisiana State Penitentiary, without benefit of parole, probation or suspension of sentence.
 
 [1]
 
 He has appealed, relying upon twelve bills of exceptions reserved in the trial court. These bills relate to the selection of jurors, the admission of evidence, the trial judge’s charge to the jury, and other alleged irregularities in the trial.
 

 BILL OF EXCEPTIONS NOS. 3, 4, 5, 6, 8, 9:
 
 Selection of Jury.
 

 After one juror had been selected, the court recessed at the end of a day. When the trial resumed the following morning, six additional prospective jurors were called for examination. At this point, the trial judge observed that the defendant was not present in the courtroom with defense counsel. He then ordered the prospective jurors to return to their seats and had their names returned to the selection box. Defense counsel moved for a mistrial, but the trial judge denied the motion.
 

 Shortly thereafter, the defendant arrived, and the trial resumed with the drawing of six more names for voir dire examination. Ultimately, in the jury selection process, all six prospective jurors whose names had been returned to the box were recalled for examination.
 

 The question presented is whether the temporary absence of the defendant when the six prospective jurors were called for examination required the granting of a mistrial and now invalidates the conviction.
 

 Article 831 of the Louisiana Code of Criminal Procedure provides in part :
 

 “A
 
 defendant charged with a felony shall be present:
 

 “(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;”
 

 The continuous presence of the defendant, however, may be waived in non-capital cases. See LSA-C.Cr.P. Art. 832.
 

 In the present case, the record does not show the reason for defendant’s absence. It does reflect, however, that defense counsel was present and raised no
 
 *494
 
 objection to proceeding without the defendant. If counsel had merely called the attention of the court to the absence of his client, the court would doubtless have deferred all proceedings until he was present.
 

 We find it unnecessary, however, to rely upon waiver in this case. All technical violations of Article 831 do not require a mistrial.
 

 Article 921 of the Louisiana Code of Criminal Procedure provides:
 

 “A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.”
 

 In the present case, the lapse was of short duration, no voir dire examination was conducted, the names of the prospective jurors were promptly returned to the box, and all were subsequently recalled for examination. The defendant was not denied the opportunity to choose any of the six jurors. Hence, no action was taken that could be prejudicial to the defendant.
 

 The violation here was an insubstantial violation of a statutory right, which resulted in no prejudice. Hence, it furnishes no ground for striking the conviction.
 

 The defendant reserved Bill of Exceptions No. 3 to the refusal of the trial judge to sustain his challenge for cause of prospective juror Anthony Gadel. Defendant used a peremptory challenge and excused the juror.
 

 On voir dire, this prospective juror, a salesman, testified that he could render a fair and impartial verdict based upon the evidence. He disclosed, however, that he was a member o'f the Baton Rouge Police Reserve, an organization of citizen volunteers who assist the police department in discharging its varied functions without compensation.
 

 The juror possessed all -the qualifications fixed by law and his membership in the Baton Rouge Police Reserve is not a ground for a challenge for cause.
 
 [2]
 
 See
 
 *496
 
 State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert. den. 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495; State v. Foster, 150 La. 971, 91 So. 411 (1922); State v. Morgan, 147 La. 205, 84 So. 589 (1920), cert. den. 253 U.S. 498, 40 S.Ct. 588, 64 L.Ed. 1032.
 

 The defendant relies upon State v. Houck, 199 La. 478, 6 So.2d 553 (1942). That case, however, is inapposite. There, in a rape case, the juror failed to disclose that he had a relationship by marriage with the victim. He served on the jury. The court reversed the conviction.
 

 The prospective juror here could be and was excused through a peremptory challenge.
 

 We have reviewed the other questions raised during the selection of the jury and find none of them raise substantial legal questions or impugn the fairness of the trial.
 

 BILLS OF EXCEPTIONS NO. 11:
 
 District Attorney’s Reference to Other Crimes in Opening Statement to Jury.
 

 In his opening statement, the District Attorney stated that in order to prove “guilty knowledge, plan or intent” the State would show that on the night of the armed robbery, the defendant burglarized an automobile parked' in the general area of the robbery and'secured a .38 caliber revolver, ammunition for it, and a radio; and that the revolver was used in the robbery.
 

 LSA-R.S. 15 :446 provides:
 

 “When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”
 

 Under the above statute, we have often held admissible in a trial for armed robbery, evidence of other crimes probative of guilty knowledge, intent or system. See State v. Spencer, 257 La. 672, 243 So.2d 793 (1971); State v. Montegut, 257 La. 670, 243 So.2d 793 (1971); State v. Montegut, 257 La. 665, 243 So.2d 791 (1971); State v. Hurst, 257 La. 595, 243 So.2d 269 (1971); State v. Welch, 250 La. 719, 198 So.2d 902 (1967).
 

 Defendant’s theft of the revolver from a parked automobile a few hours before the
 
 *498
 
 armed robbery, in which the weapon was allegedly used, is proper evidence of guilty knowledge and intent.
 

 BILL OF EXCEPTIONS NO. 12:
 
 Hearsay Evidence.
 

 The defendant reserved Bill of Exceptions No. 12 to the ruling of the court denying a defense motion to strike certain testimony of Officer Pugh, a state witness. Officer Pugh testified the Sheriff’s Communication Division received a call from Clarence Dixon, the defendant’s landlord, reporting that he had found certain items in defendant’s apartment. As a result of this report, relayed to him, he went to the apartment and found certain objects connected with the armed robbery. The obj ects were admitted in evidence.
 

 The motion to strike testimony is unknown to the criminal law of Louisiana.
 
 [3]
 
 To bar testimony at the trial, a contemporaneous objection is required. LSA-C.Cr. P. Art. 841. See State v. Blankenship, 231 La. 993, 93 So.2d 533 (1957); State v. Dwyer, 133 La. 731, 63 So. 305 (1913); 23A C.J.S. Criminal Law § 1060, pp. 3-7.
 

 In the present case, the witness gave the contested testimony on direct examination, Thereafter, over objection by the defense that the chain of custody was insufficient, the physical objects were introduced in evidence. The State announced the completion of its direct examination. The court then recessed for lunch. At the afternoon session, after brief cross-examination, the defense then moved to strike a portion of the morning testimony and requested the court to instruct the jury to disregard it.
 

 If we treat the “motion to strike” as an objection to the testimony, it is apparent that it came too late. LSA-C.Cr.P. Art. 841.
 

 Assuming arguendo that the objection was timely and that the testimony was hearsay, its admission was harmless error. Clarence Dixon, himself, was called as a witness and testified that he found the objects in defendant’s apartment and called the Sheriff’s office. See LSA-C.Cr.P. Art. 921; State v. Maiden, 258 La. 417, 246 So.2d 810 (1971).
 

 BILL OF EXCEPTIONS 13 and 14:
 
 Foundation for Introduction of Demonstrative Evidence.
 

 The State called an Assistant District Attorney to testify as to the chain of custody of State Exhibits 1 through 15. The defendant reserved a bill of exceptions to his testifying in narrative form, rather than by successive interrogation
 

 
 *500
 
 The testimony of this prosecuting official was purely formal. He merely testified that he had received the exhibits in sealed envelopes before the trial from the Deputy Sheriff, had opened the envelopes, and had offered the exhibits at the trial.
 

 A trial judge has wide discretion in conducting a trial. As to the present ruling, we find no abuse of discretion. It was obviously designed to expedite the trial.
 

 The defendant reserved Bill of Exceptions No. 14 to the admission in evidence of State Exhibits 1 through 15, on the ground that the foundation was inadequate to connect these exhibits to the case. These exhibits included a revolver, a knife, two wallets, and a plastic bag containing ammunition.
 

 Before the admission of an object in evidence, a foundation must be laid showing that it is related to the case. The foundation testimony may consist of visual identification of the object by witnesses or by establishing a continuous chain of custody from the seizure of the object to its introduction in evidence at the trial. For admission, it suffices if the testimony establishes that it is more probable than not that the object is connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402 (1969); State v. Martin, 250 La. 705, 198 So.2d 897 (1967); State v. Bertrand, 247 La. 232, 170 So.2d 386 (1965).
 

 A lack of positive identification goes to the weight, rather than the admissibility, of the evidence. Ultimately, connexity is a matter for the jury. See State v. Dillon, 260 La. 215, 255 So.2d 745 (1971) and the authorities therein cited.
 

 The trial judge analyzed the testimony connecting each of the exhibits with the crime. The officers testified that the revolver was found within two feet of the defendant’s hand after they finally gunned him down in a running battle. The victim testified that it looked like the weapon drawn on him.
 

 The officers testified that the knife was found on the front seat of the vehicle driven by defendant.
 

 The victim identified one of the wallets as belonging to the business where he worked. He identified the other wallet as his own.
 

 The testimony established that the plastic bag of ammunition was taken out of defendant’s pocket when he was captured.
 

 As fully explained in the rulings of the trial judge, the testimony was adequate to connect all items with the case for purposes of admissibility.
 

 We find no merit in this bill of exceptions.
 

 
 *502
 
 BILL OF EXCEPTIONS NO. 15:
 
 Argument of District Attorney.
 

 In his closing argument, the District Attorney stated:
 

 “. . . if the State has proved that this defendant was found to be in possession of any of these items unexplainedly, then the law dictates to you that you ought to presume that he is the robber.”
 

 Defendant complains that this argument is an indirect comment upon the failure of defendant to take the stand and a violation of Article 770 of the Louisiana Code of Criminal Procedure.
 

 Wé have held many times that a reference to the possession-of-stolen-property presumption is not a comment upon the failure of the defendant to testify. See, e. g., State v. Odom, 247 La. 62, 169 So.2d 909 (1964); State v. White, 247 La. 19, 169 So.2d 894 (1964); State v. Shelby, 215 La. 637, 41 So.2d 458 (1949).
 

 The bill of exceptions lacks merit.
 

 We have examined the remaining bills of exceptions relied upon in this court. None of them raise a substantial question.
 

 In our opinion, the defendant received a fair trial with full protection of all of his constitutional rights. His conviction and sentence should therefore be affirmed.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 DIXON, J., concurs.
 

 [1]
 

 . See LSA-R.S. 14:64, as amended.
 

 [2]
 

 . Article 797 of the Louisiana Code of Criminal Procedure provides:
 

 “The state or the defendant may challenge a juror for cause on the ground that:
 

 “ (1) The juror lacks a qualification required by law;
 

 “(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if lie declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence ;
 

 “(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense
 
 *496
 
 counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
 

 “(4) The juror will not accept the law as given to him by the court; or
 

 “(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.”
 

 [3]
 

 . Compare motion to strike material from pleadings in civil cases. See LSA-C.C.P. Art. 964.