SANDERS, Chief Justice
(dissenting).
The defendants were convicted of an armed robbery perpetrated in the New Orleans French Quarter on March 26, 1972. They were arrested about two weeks later, following an attempted armed robbery of a foodstore. The automobile used in the flight from the foodstore was similar to that used in the first robbery and a similar pistol was found in the car.
Because evidence was admitted of the arrest and the circumstances surrounding it, including the attempted armed robbery, the majority reverses the conviction.
In my opinion, the majority has erred for two reasons:
(1) The evidence of the attempted armed robbery was admissible to prove intent ; and
(2) The evidence of the attempted armed robbery was admissible to show the circumstances surrounding the arrest and discovery of the automobile and pistol connecting the defendants to the first robbery.
An essential element of armed robbery is a specific intent to deprive the owner permanently of the property taken. LSA-R.S. 14:64; LSA-R.S. 14:67; State v. Montegut, 257 La. 665, 243 So.2d 791 (1971).
LSA-R.S. 15 :445 provides:
“In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.”
Quite clearly, the attempted commission of another armed robbery within a few weeks of the one charged is probative of the essential intent. It has an independent relevance, which justifies its admission in evidence. State v. Carney, 260 La. 995, 257 So.2d 687 (1972); State v. Morris, 259 La. 1001, 254 So.2d 444 (1971), cert. den. 406 U.S. 959, 92 S.Ct. 2066, 32 L.Ed.2d 346; State v. Hurst, 257 La. 595, 243 So.2d 269 (1971); State v. Montegut, supra; State v. Spencer, 257 La. 672, 243 So.2d 793 (1971).
In State v. Hurst, supra, an armed robbery prosecution, this Court upheld the admission of evidence of other armed robberies, stating:
“Counsel is in error in his primary premise, for intent is an essential element of the crime of armed robbery, and the evidence he seeks to exclude under this contention was clearly admissible for the purpose of showing that intent.”
It is impermissible for this Court to say that the evidence of the attempted robbery was unnecessary. The burden is upon the State to prove every element of the offense, including intent, beyond a reasonable doubt and to the satisfaction of the jury. *168 As we held in State v. St. Amand, La., 274 So.2d 179 (1973), once admissibility has been determined, the Court should not undertake to control the order or manner of the State’s proof.
The evidence of the attempted robbery was also admissible to show the circumstances surrounding the arrest. It was in the arrest that the weapon similar to that used in the first robbery was seized and the automobile identified as being similar to the one used in the robbery.
As an evidentiary matter, the pursuit of the automobile, because of the attempted robbery, was inseparable from the arrest.
For the reasons assigned, I respectfully dissent.