298 So.2d 746 (1974)
STATE of Louisiana
v.
James E. HILLMAN.
No. 54442.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied August 30, 1974.
*747 Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-appellee.
*748 DIXON, Justice.
Defendant was indicted and tried for the murder of Merlin Honeycutt. R.S. 14:30. The jury returned a unanimous verdict of guilty without capital punishment, and the defendant was sentenced to life imprisonment. Seventeen bills of exceptions were perfected on this appeal. Bills of Exceptions Nos. 1, 5, 6 and 7 have been abandoned in brief.
The defendant, James E. Hillman, was a seventy-six year old deputy sheriff of Rapides Parish and the town marshal of Boyce, Louisiana. He was involved in a property dispute with his neighbor, Merlin Honeycutt, the decedent in the present case. Both parties had allegedly threatened each other in connection with this disagreement. On January 8, 1973 Hillman, while in the possession of an arrest warrant, attempted to arrest Honeycutt outside the post office in Boyce. The defense alleges that the decedent threatened to kill Hillman and advanced upon the defendant, reaching for his pocket, and that the killing was in self-defense.

Bills of Exceptions Nos. 2 and 3
Prior to trial in a motion for a bill of particulars defense counsel requested information regarding any dangerous weapon or instrument found on the person of the deceased. The State responded that it was not required to supply this information, and the court ruled that this response was adequate. At this point Bill of Exceptions No. 2 was reserved by the defendant.
Defense counsel also moved for the production of any evidence favorable to the accused. The State again responded that it was not required to supply this information. The trial court ordered the State to furnish any exculpatory evidence. On the morning of trial the State had not complied with the trial judge's order to produce. Defense counsel then moved to quash the indictment in accordance with C.Cr.P. 532(4). The district attorney informed the court that it had no exculpatory evidence. The trial judge then denied the motion to quash, and Bill of Exceptions No. 3 was reserved by defense counsel. At trial it was disclosed that a pocket knife was found in the clothing of the deceased at the hospital, and was included on the inventory of property of the deceased prepared by the investigating police officers. That inventory was in the possession of the district attorney prior to trial and was introduced into evidence by the district attorney.
Defense counsel relies upon Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), for the proposition that failure to disclose evidence favorable to the accused prior to trial upon a timely request constitutes a violation of a substantial constitutional right. In State v. Woodruff, La., 281 So.2d 95, 97 (1973), the defendant relied upon a claim of self-defense and filed a motion for a bill of particulars asking if any dangerous weapon or instrument was found on the deceased or near his body at the scene of the homicide. The trial court sustained the State's refusal to answer this question. This court reversed the conviction, stating:
"Given the fact that the defendant relied solely upon his claim of self-defense, there can be no doubt that the gun found in close proximity to the victim's body was evidence favorable to the defendant's claim of self-defense and material to the issue of defendant's guilt or innocence."
See also, State v. Davis, 246 La. 383, 164 So.2d 589 (1964).
Such is not the case before us. The pocket knife in the pants pocket of the victim and the pocket knife in the jacket of the son of the victim, thrown over the victim after the shooting incident, did not constitute exculpatory evidence. Both were introduced at the trial, there was no issue as to ownership, and no showing that defendant was denied any advantage by the *749 failure of the State to produce the knives before trial.

Bill of Exceptions No. 4
This bill was taken when the trial judge denied a defense challenge for cause to a prospective juror who admitted on voir dire examination that he had heard news reports about the incident in question and had formed opinions as to the guilt or innocence of the accused. On further questioning by the district attorney, the potential juror stated that he could put his preconceived notions aside and decide the case on the evidence. The record indicates that the trial judge was satisfied that the juror could render an impartial verdict according to the law and evidence. Article 797(2) C.Cr.P.; State v. Jefferson, La., 284 So.2d 882 (1973).
In brief the State alleges that the defendant is barred from raising this argument because he did not exercise all of his peremptory challenges. Article 800 C.Cr.P. The official minutes of court do not reflect the number of peremptory challenges exercised by the defense. The portions of the voir dire examination made part of the record show only eleven peremptory challenges by defendant.
This bill is without merit.

Bills of Exceptions Nos. 8 and 9
Bill of Exceptions No. 8 was reserved when Mrs. Honeycutt, the widow of the deceased, was allowed to testify regarding the origins of the boundary dispute between her husband and Mr. Hillman. Bill of Exceptions No. 9 was taken when the district attorney introduced into evidence the record in the civil suit over the property line. The defense alleges that such evidence was irrelevant, and too remote in time to the crime to be material.
The evidence concerning a long standing dispute between the defendant and the decedent over property was relevant to the issue of motive. There was testimony which established that the dispute continued over a number of years. The trial judge acted within his discretion in allowing the testimony to go to the jury.

Bill of Exceptions No. 10
During the course of the trial the State questioned its own witness, Deputy Sheriff R. K. Beebe, concerning alleged inculpatory statements by the defendant that he had shot the deceased. This confession was introduced into evidence without a prior showing out of the presence of the jury that the statements were free and voluntary.
The evidence established that Deputy Beebe was on a personal visit to the defendant's house on the morning of the shooting. Deputy Beebe was then engaged and is presently married to the defendant's granddaughter. The defendant went to the post office and upon returning made an unsolicited statement to Deputy Beebe that he had shot Honeycutt. Deputy Beebe was totally unaware that a crime had been committed and did not question the accused prior to the admission above. All of these facts were testified to prior to any objection by defense counsel.
R.S. 15:451 states:
"Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."
A determination of the free and voluntary nature of the confession must be made out of the presence of the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1972). Under these facts, there was no error committed by the trial judge in refusing to retire the jury and require a foundation to be laid out of their presence. The unsolicited statements were not the product of custodial interrogation, or any interrogation, for that matter. *750 The "confession" was a spontaneous declaration to a close family friend. This bill is without merit.

Bills of Exceptions Nos. 11 and 12
The trial judge permitted a State witness to testify that he had received threatening telephone calls from an unidentified individual approximately eight days after the defendant's arrest. The defendant objected to this testimony on the grounds that the threat was not identified specifically, that the identity of the person who made the threat was not disclosed, and that it was irrelevant. The objection was overruled and Bill of Exceptions No. 11 was taken. After the completion of the testimony of the witness, counsel for the defendant moved that the judge instruct the jury to disregard this testimony. The motion was denied and Bill of Exceptions No. 12 was reserved.
The State concedes that these remarks were irrelevant in the absence of any established connection between the caller and the defendants. It is urged that the error was harmless. Article 921 C.Cr.P. The trial judge adopted this position in his per curiam where he stated:
"This is insignificant testimony. It has no place in the record; the general instructions to the jury cover the jury's right to ignore this sort of evidence."
Although erroneous, the ruling of the judge in admitting such irrelevant testimony is not shown to have prejudiced the defendant.

Bill of Exceptions No. 13
The State's witness, James Louis Lacour, testified on direct examination that he did not see any pistols, knives or weapons of any kind around Mr. Honeycutt immediately after the shooting. The district attorney then asked: "If there had been any there, would you have seen them?" Defense counsel objected that this question called for a conclusion or opinion on the part of the witness. When the objection was overruled, this bill of exceptions was reserved.
The question obviously refers to the ability of the witness to observe the area around the deceased, thus rendering meaningful his prior answer that he did not see any weapons. It called neither for an opinion nor a conclusion. This bill is without merit.

Bill of Exceptions No. 14
Counsel for the defendant objected when the trial judge admitted into evidence an inventory of the property taken from the deceased at the hospital. The exhibit was offered in connection with the testimony of two witnesses: Mrs. Waltman, the emergency room nurse who testified that they cut the clothing from Mr. Honeycutt's body and removed all objects therefrom; and Deputy Parker, who stated that the inventory and the clothing and property described therein were handed to him by Mrs. Waltman or her assistant. Deputy Parker further testified that he retained possession of the property until trial. Thus, a proper foundation for the introduction of the exhibit was made, and the bill is without merit.

Bill of Exceptions No. 15
This bill was reserved when the trial judge overruled defense counsel's objection to an unsolicited statement of a State witness, Mrs. Honeycutt, the widow of the deceased, to the effect that her husband had no gun at the time he was killed. A review of the testimony of this witness reveals that she offered the same opinion without objection prior to the occasion complained of by defense counsel. The objection to the statement when repeated came too late. Article 841 C.Cr.P.; State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).

*751 Bills of Exceptions Nos. 16 and 17

The defense attempted to impeach the testimony of Mrs. Honeycutt by calling as a witness a former employee of the deceased. Counsel for the defendant sought to show by both the declaration and action of the victim that he did carry a weapon on occasion. The State's objections were sustained. It is urged in brief that, after the widow of the deceased was allowed to testify that her husband did not carry a weapon, the defendant should have been afforded a similar opportunity to use opinion testimony to establish that the deceased had been known to carry a weapon.
These bills do not demonstrate any abuse on the part of the trial judge. The testimony was inadmissible as hearsay. R.S. 15:434.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs for reasons assigned.
BARHAM, Justice (concurring).
The majority's treatment of Bill of Exceptions No. 10 concerning the introduction of a confession may be subject to misinterpretation. Undoubtedly the majority means to adhere strictly to the requirement of La.R.S. 15:451, which requires that the State affirmatively show the free and voluntary nature of a confession before it can be introduced into evidence.
The majority's holding that, under the particular facts of the case at hand, error was not committed by the trial judge's failure to require that the foundation be laid out of the jury's presence should not be accepted as a general principle of law. It is a determination confined to the facts of this particular case. Failure of the trial court to require that the foundation be laid outside the presence of the jury prior to admitting the content of a confession before the jury results in the possibility of absolute taint requiring a mistrial. The spontaneity of a confession, as well as its voluntariness, is a judge determination and it should be explored out of the presence of the jury to avoid error under Miranda.
I subscribe to the holding that there was no error under the facts of this case. I caution that grave error can be committed by a trial judge through his failure to require the affirmative showing by the State of the free and voluntary nature of a confession before it is presented to the jury. The trial court's failure to follow such a procedure can require a mistrial or a new trial.
I respectfully concur.