319 So.2d 427 (1975)
STATE of Louisiana
v.
David DRAKE.
No. 56298.
Supreme Court of Louisiana.
October 1, 1975.
Ronald G. Coleman, Ruston, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
David Drake was charged by bill of information with the crime of forgery in violation of La.R.S. 14:72. Defendant waived his right to a trial by jury. After a judge trial, he was found guilty and was subsequently sentenced to serve four years at hard labor. On appeal, defendant relies upon two assignments of error for reversal of his conviction and sentence.

FACTS
On Friday, September 13, 1974, David Drake drove his 1964 model blue Oldsmobile to one of the drive-in windows of the West California Branch of the Ruston State Bank. He presented a check for cashing to Jerry Alexander, assistant branch manager, who was assisting the tellers at the time. The check was dated September 12, 1974 and was in the amount of $65.00. It was made payable to and endorsed by Lee Doss. The purported maker of the check was Carl Byrd, and the check *428 was drawn on the Ruston State Bank and Trust Company. Alexander cashed the check for defendant and wrote the license number of his automobile on the reverse side of the check. On Monday, September 16, defendant appeared at the bank again for the purpose of cashing another check. Alexander recognized defendant and attempted to detain him while he called the police; however, defendant ran and escaped in his car. Drake was apprehended later that day and charged with the crime of forgery.

ASSIGNMENT OF ERROR NO. 1
Defendant urges in this assignment of error that the trial judge erred in permitting the alleged forged check in evidence at trial. The basis for this complaint is that the state failed to establish an adequate chain of custody. Specifically, it is argued that the state should have called as a witness the police officer who allegedly had possession of the check up to the time it was offered in evidence.
There is no merit to this contention. In State v. Isaac, 261 La. 487, 499-500, 260 So.2d 302, 306 (1972), we stated:
Before the admission of an object in evidence, a foundation must be laid showing that it is related to the case. The foundation testimony may consist of visual identification of the object by witnesses or by establishing a continuous chain of custody from the seizure of the object to its introduction in evidence at the trial. For admission, it suffices if the testimony establishes that it is more probable than not that the object is connected with the case. A preponderance of the evidence is sufficient, [citations omitted]
A lack of positive identification goes to the weight, rather than the admissibility, of the evidence. Ultimately, connexity is a matter for the jury, [citation omitted]
[Emphasis added.]
See also State v. Dotson, 260 La. 471, 256 So.2d 594 (1971) to the same effect.
Therefore, evidence of the chain of custody of the object is not essential where the identification can be made by testimony at trial that the object is the one related to the case. In the instant case, Jerry Alexander, the bank's assistant branch manager to whom defendant negotiated the check, made a positive identification of the check as the one he cashed for defendant on the day in question. On the reverse side of the check was the license number of defendant's car, written thereon by Alexander himself.
In view of this positive visual identification, the trial judge correctly admitted the check in evidence. Clearly, it was more probable than not that the check was the one related to the case. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred when he denied his motion for a new trial. Defendant alleged in his motion that "[n]ew evidence has been uncovered which was not available nor had been determined at the date of the trial. This evidence consists of testimony of Maxwell Green and will corroborate the testimony of Charley Dunn, which was elicited at the trial."
Apparently, this motion was based on ground 3 of article 851 of the Code of Criminal Procedure, which provides:
The court, on motion of the defendant, shall grant a new trial whenever:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is *429 available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
. . . . . .
Article 854 of the Code of Criminal Procedure states:
A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3) The facts which the witnesses or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
The newly discovered whereabouts or residence of a witness do not constitute newly discovered evidence.
Defendant's contention that this "newevidence" was not discovered and available to him at the date of trial is not substantiated by the record. Defendant's alibi witness, Charlie Dunn, testified that he discussed the details of the case with defense counsel immediately prior to trial. In relating the events which transpired on the date of the alleged crime, Dunn testified that defendant drove him to Monroe in order that he might get $10.00 from his employer, Maxwell Green. After getting the money, they drove to an establishment where they drank beer and talked with some friends until about six or seven o'clock that evening. They then drove back to Dunn's home in Dubach where they continued to drink beer. Defendant took the stand in his own behalf and testified generally to the same effect. It is obvious from this testimony that the existence of Maxwell Green was known to defendant prior to trial. Hence, it can hardly be said that this was "new" evidence "not discovered before or during the trial." Likewise, there has been no showing of the exercise of "reasonable diligence" by the defendant. Additionally, defendant made no application for a continuance prior to trial nor did he request a recess during trial. Finally, in view of the strong evidence against defendant, it is highly improbable that the corroborative testimony of Green would have changed the judgment of guilty. La.Code Crim.P. arts. 851(3), 854 (1966).
Under these circumstances, we are unable to say that the trial judge abused his discretion in denying defendant's motion for a new trial.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.