MARCUS, Justice.
Romalice McGhee was charged by bill of information with the crime of simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty. He was subsequently sentenced to serve nine years at hard labor. On appeal, he relies on three assignments of error for reversal of his conviction and sentence.
FACTS
During the early morning hours of February 6, 1974, the silent alarm in the cash register of the O and B Barbeque located at 2040 Delachaise Street in the City of New Orleans was activated. The removal of two one-dollar bills from the drawer of the cash register triggers the alarm. As a result, the owner immediately went to the place of business. Notification was also transmitted to the police who proceeded to the premises to investigate the possible burglary. The officers entered the building and found defendant hiding in the attic. Another individual was found on the second floor. A hole had been broken in the ceiling, a cigarette machine had been broken, and various furnishings and equipment had been moved about. The contents of the cash register had been removed. The two one-dollar bills taken from the register were found on the defendant. The serial numbers of these bills were recorded by the owner of the business at the time the burglar alarm was installed, and a *329 record of these numbers was retained by her. Defendant was arrested at the scene of the crime and charged with simple burglary.
ASSIGNMENT OF ERROR NO. 1
Defendant urges in this assignment of error that the trial judge erred in permitting the state to introduce in evidence two one-dollar bills (S—15). The basis of this complaint is that the officer who seized the bills from defendant’s person was not produced in court. Therefore, it is claimed that the state failed to establish an adequate chain of custody.
There is no merit to this contention. In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), we stated:
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient, [citations omitted]
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury, [citations omitted]
See also State v. Freeman, 306 So.2d 703 (La.1975); State v. Flood, 301 So.2d 637 (La.1974); State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).
Although Officer Hodgman, who removed the two one-dollar bills from defendant at the time of his arrest, was not called by the state, his partner, Officer Merrick Hales, who was present at the time these bills were removed from defendant, did testify. Hales stated that he saw Hodgman take these bills from the right front pants pocket of the defendant. Hales further testified that the serial numbers of the bills introduced correspond with the serial numbers entered into the evidence book by his partner. This officer also identified Hodgman’s handwriting on the evidence card.
The chain of custody of the two one-dollar bills was adequately established by the testimony of Officer Hales. Clearly, it was more probable than not that these bills were the ones related to the case. The failure of Officer Hodgman to testify went to the weight of the evidence and not to its admissibility. Therefore, the trial judge correctly admitted the two one-dollar bills in evidence. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
After the close of the state’s evidence, defendant moved for a directed verdict of acquittal. The trial judge denied the motion, and objection was made. Defendant asserts that the trial judge erred in this ruling.
This court can find error in the trial judge’s denial of a motion for a directed verdict and reverse the conviction only when there is no evidence of the crime or an essential element thereof. La. Code Crim.P. art. 778 (1966); State v. Douglas, 278 So.2d 485 (La.1973).
In the instant case, defendant was apprehended in the building where the burglary was perpetrated. Additionally, the two one-dollar bills taken from the cash register were found on defendant’s person. Certainly, this constituted some evidence of each element of the crime charged. *330 Hence, the trial judge correctly denied defendant’s motion for a directed verdict of acquittal. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3.
Defendant urges in this assignment of error that the trial judge erred in denying his motion for a new trial. It is alleged that the verdict is contrary to the law and evidence, and the objections made during trial show prejudicial error.
The latter portion of this motion re-urges the assigned errors heretofore disposed of. It is well established that the allegation by the defendant that the verdict is contrary to the law and evidence presents nothing for our review. La.Code Crim.P. art. 858; State v. Vince, 305 So.2d 916 (La.1974). The motion for new trial was properly denied.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.