MARCUS, Justice.
David Francis Wolfe was charged by bill of information with simple burglary of Michael Capps Exxon Service Station in Houma, Louisiana, on July 17, 1973, in violation of La.R.S. 14:62. The matter was tried on April 9, 1975. Prior to trial, the accused exercised his option of being tried under the new constitution before a jury of twelve persons, ten of whom must concur to render a verdict.[1] After trial, the jury returned a verdict of guilty as charged. Wolfe was sentenced to serve five years at hard labor. He has appealed his conviction and sentence to this court, assigning two errors allegedly committed at his trial.
*336 FACTS
Michael Glenn Capps, owner of an Exxon service station at 718 Grand Caillou Road in Houma, Louisiana, closed his station about nine o’clock on the night of July-16, 1973. In the early morning hours, he received a telephone call from his employee, Isaac Hansey, who was spending the night in the station because of his eviction from his apartment. Capps telephoned the police and, with his wife, immediately drove to his station. The station was some three or four blocks from his home, and they arrived within two or three minutes of the call. As the Capps approached, they saw a man coming out of the station. They also observed a car parked on the side of the station. The man entered the car, turned on the lights, backed up and drove into a shell road across from the station, some thirty to forty feet away. The car was parked and the lights were turned off. No other cars were in the area at the time. Capps circled by his house, dropped off his wife and returned to the station. Upon his return to the station, the police had already arrived. The front glass of the station had been broken and the cigarette machine had been pried open.
Upon arrival at the station, Officers Authement and Chauvin crossed the street to the parked car and interrogated Wolfe, who was standing beside his car. Wolfe denied any involvement in the burglary of the Exxon station. Officers Hebert and Sheppard also arrived at the scene. The officers saw the broken glass of the front door. Officer Hebert observed what appeared to be blood particles and flesh on the jagged portion of the glass still in the door. An examination of Wolfe’s arm showed a small scratch on the right forearm with fresh blood. Wolfe was arrested. A crow bar (tire tool) was found on the right front floorboard of defendant’s vehicle and four packages of Kool cigarettes were on the front seat. Three dollars in quarters and ninety-five cents in nickels were taken from Wolfe’s front pocket.
ASSIGNMENT OF ERROR NO. 1
Defendant urges in this assignment of error that the trial judge erred in permitting the crow bar (S-l) and the three dollars in quarters, ninety-five cents in nickels and four packs of Kool cigarettes (S-2) in evidence at trial. The basis for this contention is that the state failed to establish a chain of custody of these items from the time of defendant’s arrest up through the trial date.
There is no merit to this contention. In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), we stated:
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient, [citations omitted]
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury, [citations omitted]
See also State v. Freeman, 306 So.2d 703 (La.1975); State v. Flood, 301 So.2d 637 (La.1974); State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).
*337 In the instant case, Sgt. Ronald Hebert testified that at the time of defendant’s arrest, he seized the crow bar (S-l) from the right front floorboard of defendant’s vehicle, the four packs of Kool cigarettes from the front seat of said vehicle, and the three dollars in quarters and ninety-five cents in nickels (S-2) from defendant’s front pocket. He stated that he tagged the crow bar and placed the other items in a sealed envelope. He signed his name and marked the date and case number on both the tag and the envelope. The crow bar and sealed envelope were turned over to the Shift Commander, Captain Wilford Authement. At trial, Sgt. Hebert identified the crow bar by his handwriting on the tag and by the bend in the crow bar which he remembered (S-l). Likewise, he identified and opened the still-sealed envelope containing the other articles (S-2). Captain Authement testified that S-l and S-2 were given to him by Sgt. Hebert properly marked, and he brought them in the same condition to court on the date of trial.
The chain of custody was amply established by the testimony of these officers. Clearly, it was more probable than not that the crow bar (S-l) and the four packs of Kools, three dollars in quarters and ninety-five cents in nickels (S-2) were the items related to this case. Hence, the trial judge properly permitted their introduction into evidence. There is no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant contends that the record does not reflect that in one instance when the jury was removed and returned that the defendant waived a roll call of the returning jurors. It is argued that this deprived defendant of a trial by twelve jurors. Although no objection was made at the time of the occurrence, defendant asserts that the error is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence, relying on article 920(2) of the Code of Criminal Procedure.
It is well settled that if the error complained of is discoverable under article 920(2), the failure to object does not operate as a waiver of that error. State v. Craddock, 307 So.2d 342 (La.1975). However, the error must be one discoverable from the “record” as construed by this court. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Craddock, supra. Here the failure to waive the roll call of the jury is not such an error under article 920(2).[2] Clearly, the error complained of is not part of the pleadings and proceedings and is discoverable only by inspection of the evidence. Consideration of such an error on appeal is explicitly proscribed by article 920(2). In any event, there is no showing that defendant was tried by a jury of less than twelve persons.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs in the result.

. La.Const. art. 1, § 17 (19741 ; La.Code Crim.P. art. 782 (1966), as amended, Acts 1974, Ex. Sess., No, 25, § 1, eff. Jan. 1,1975.

. Defendant waived a roll call of the jury on four other occasions in the record (pp. 149, 163, 168 and 193), and the failure to do so on page 180 was obviously an oversight.