379 So.2d 1058 (1980)
STATE of Louisiana
v.
Michael A. FOOTE.
No. 65151.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
*1059 Alton T. Moran, Director, M. Michele Fournet, Appellate Counsel, Baton Rouge, The Office of Public Defender, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Warren Hebert, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
WATSON, Justice.
Defendant, Michael A. Foote, was found guilty of the crime of first degree murder, in violation of LSA-R.S. 14:30, and sentenced to life imprisonment without probation, parole or suspension of sentence, as recommended by the jury. On appeal, the defendant relies on seven assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NUMBER NINE
Defendant contends that the trial court erred in admitting a dying declaration as hearsay evidence of his guilt in violation of LSA-R.S. 15:434. Dr. William Randall Williamson, a neighbor who was the first to arrive at the scene of the crime, testified that the murder victim, Dr. Roger Foote, identified his assailant as "Mickey". Dr. *1060 Williamson knew "Mickey" to be the victim's brother, and identified him as the defendant. Dr. Williamson quoted Dr. Foote in part as stating: "Mickey shot me six times with a .32 with a silencer and and I'm dying." (Tr. 342) The evidence was accepted as a dying declaration by Dr. Foote.
Dying declarations are admitted into evidence as an exception to the hearsay rule because the dead victim is not available to testify directly, and the murderer might otherwise escape justice. Such statements are considered reliable if given by one who believes himself in imminent danger of death. Although Dr. Foote survived eleven days, he was comatose for much of that time. Both Dr. Foote and Dr. Williamson believed that Dr. Foote was dying when he spoke and he did in fact die of the six gunshot wounds. There is no evidence of hostility toward his brother which would cast doubt on the veracity of the statement. Adding weight in this instance to Dr. Foote's dying declaration was his knowledge of physiology. There is no question that Dr. Foote, a veterinarian, was correctly convinced when he spoke that his wounds would be fatal. His words establish that he felt himself to be in prospect of death and without hope of recovery. His statements while in that frame of mind were properly admitted into evidence as an exception to the hearsay rule. State v. Vincent, 338 So.2d 1376 (La., 1976); State v. Unger, 362 So.2d 1095 (La., 1978).

ASSIGNMENTS OF ERROR NUMBERS THIRTEEN, FOURTEEN AND FIFTEEN
These assignments of error relate to other dying declarations made by Dr. Foote to Corporal Lee Wilson, a deputy sheriff with the East Baton Rouge Parish Sheriff's Office. Wilson testified that he arrived at the hospital shortly after Drs. Foote and Williamson and spoke to Dr. Foote while the latter was being prepped for surgery. This witness asked Dr. Foote who shot him and he replied "Mickey shot me". The deputy then asked "Is Mickey your brother, Mickey?", and he replied "Yes", (Tr. 420). There is no reason to believe that Dr. Foote's conviction of imminent death had altered at this point. Dr. Williamson had not expected him to survive the trip to the hospital because of the extensive loss of blood and shock. Although Dr. Foote was being prepared for surgery when questioned, no medical treatment had been given. Even after his first surgery, Dr. Foote remained pessimistic and told a friend, John Newt Cutrer, while in intensive care the following day: "Well, I'm not going to make it. * * * I've taken too many bullets". (Tr. 427) The testimony by Wilson was properly admitted into evidence.

ASSIGNMENT OF ERROR NUMBER SIXTEEN
The trial court denied defendant's motion for a mistrial based on testimony by Deputy Wilson that Dr. Foote "... asked us to get somebody over to his mother's residence; that he feared for her life; he felt Mickey was" (Tr. 420). It is contended that this statement was highly prejudicial to the defendant, suggested the commission of another crime, and mandated a mistrial.
LSA-C.Cr.P. art. 770 provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official during the trial or in argument, refers directly or indirectly to:... (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; * * *"
A police officer is not a court official within the meaning of article 770. State v. Boyd, 359 So.2d 931 (La., 1978); State v. Hills, 354 So.2d 186 (La., 1977); State v. Hegwood, 345 So.2d 1179 (La., 1977). The statement in question did not actually refer to another crime, although there is a possible inference to that effect. The jury was admonished by the court to disregard the remark and this was sufficient to assure the defendant a fair trial. LSA-C.Cr.P. art. 771.

*1061 ASSIGNMENTS OF ERROR NUMBERS SEVENTEEN AND EIGHTEEN
The trial court allowed into evidence xerox copies of registration cards from a hotel where the defendant allegedly stayed from January 15 through April 25, 1977, although the person who prepared the registration cards did not testify, and also allowed into evidence photocopies of records from a sporting goods store where the defendant allegedly purchased ammunition even though the person who prepared the records did not testify. The documents were admitted as a business records exception to the hearsay rule but there was no showing that the people making the records were unavailable to testify, as required by State v. Monroe, 345 So.2d 1185 (La., 1977) and State v. Perniciaro, 374 So.2d 1244 (La., 1979). The testimony, which established that the defendant resided in a room where a holster was found and was a purchaser of .32 caliber ammunition was obviously prejudicial. However, in both instances, the objection to the hearsay evidence was not timely.
Milfred O. Elling, manager of the Alamo Plaza Hotel Courts, testified that Michael A. Foote was registered in room 805 at that motel between January 15 and April 25, 1977. There was no question that Michael A. Foote was in Baton Rouge at the time, and the place of his residence was not a contested issue. Compare State v. Arbuthnot, 367 So.2d 296 (La., 1979). No objection was made to the testimony. Later, when copies of the registration cards were offered in evidence, an objection was made, but the evidence was already before the jury. The objection came too late. LSA-C. Cr.P. art. 841; State v. Lovett, 359 So.2d 163 (La., 1978); State v. Hillman, 298 So.2d 746 (La., 1974).
Cathy Young-Kin, a bookkeeper at Steinberg's in Bon Marche Shopping Center, Baton Rouge, testified that the store keeps a record of all ammunition sales. Although she did not make the sale, she testified without objection that the store record showed a sale to Michael Alan Foote on February 9 of three boxes of "Western Brand .32 S & W" (Tr. 463) ammunition. The purchaser gave a California address and driver's license number. His age was shown as 31. The same party purchased one box of Peters .32 auto ammunition on February 11 and three boxes on February 19. On cross-examination, Ms. Young-Kin once again stated that she did not make the record entries herself and went on to say that she was not employed by Steinberg's when the sales were made. After the close of cross-examination, the records were received in evidence over a defense objection. There was no showing that the entrant of the records was unavailable to testify, and the evidence should have been excluded. State v. Monroe, 345 So.2d 1185 (La., 1977); State v. Martin, 356 So.2d 1370 (La., 1978). However, the information in the records had been given to the jury in Ms. Young-Kin's oral testimony without objection. State v. Isaac, 261 La. 487, 260 So.2d 302 (1972); State v. Nix, 327 So.2d 301 (La., 1976). The records themselves did not prejudice the defendant's rights, since the jury had already heard the evidence. State v. Hillman, supra; State v. Provost, 352 So.2d 661 (La., 1977). Compare State v. Hebert, 356 So.2d 991 (La., 1978).
For the reasons assigned, the conviction and sentence of defendant are affirmed.
NOTES
[1] The other assignments of error were not briefed or argued and are considered abandoned. State v. Bennett, 345 So.2d 1129 (La., 1977).