FRED W. JONES, Jr., Judge.
The defendant Washington was found guilty by a jury of the offense of forgery (R.S. 14:72) and sentenced to imprisonment at hard labor for five years. He appealed *341 his conviction, asserting two assignments of error.

Factual Context

On August 24, 1982, the defendant gave a check to Howard Brothers Department Store in Caldwell Parish for $50.26 drawn on the account of his brother, Melvin Washington. The check was printed with Melvin Washington’s name at the top and was signed “Melvin Washington” at the bottom. When Howard Brothers found that there were insufficient funds in Melvin Washington’s account to cover the check, he was questioned by Deputy Fred Grant concerning the instrument. Upon the basis of information received and upon further investigation, defendant was arrested and charged with forging the check.
ASSIGNMENT OF ERROR No. 1
Deputy Grant testified at the trial that Melvin Washington denied writing the check but refused to give any additional information. Defendant argues that Grant’s relating of Melvin Washington’s statement constituted inadmissible hearsay.
It is axiomatic that an officer may explain the sequence of events leading to the arrest of a defendant, including conversations with others, when these statements are reported simply to show that they were made rather than to prove the truth of those assertions. State v. Edwards, 406 So.2d 1331 (La.1981); State v. Calloway, 324 So.2d 801 (La.1975).
The purpose of Deputy Grant’s testimony was to explain the course of his investigation leading up to the arrest of the defendant. The conversation with Melvin Washington was related, not to prove the truth of statements made therein, but simply to show that those statements were made. As such, they did not constitute hearsay evidence.
This assignment of error is without merit.
ASSIGNMENT OF ERROR No. 2
Defendant contends the trial judge erred in admitting the alleged forged check into evidence because it was not properly identified as having been written by the defendant.
As pointed out in State v. Drake, 319 So.2d 427 (La.1975):
Before the admission of an object in evidence, a foundation must be laid showing that it is related to the case. The foundation testimony may consist of visual identification of the object by witnesses or by establishing a continuous chain of custody from the seizure of the object to its introduction in evidence at the trial. For admission, it suffices if the testimony establishes that it is more probable than not that the object is connected with the case. A preponderance of the evidence is sufficient, [citations omitted]
In this case a clerk for Howard Brothers identified the defendant as the person who gave her the check in question for several items of merchandise. The clerk also visually identified the check by pointing to her initials on it. This constituted a proper foundation for admissibility of the check.
This assignment of error lacks merit. Decree
For the reasons above explained, defendant’s conviction is affirmed.