310 So.2d 103 (1975)
STATE of Louisiana
v.
Arthur SHILLOW, Sr.
No. 55655.
Supreme Court of Louisiana.
March 31, 1975.
John Saunders, Mamou, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The defendant, Arthur Shillow, Sr., was charged by bill of information with attempted murder in violation of La.R.S. 14:27 and 14:30. He was found guilty of attempted manslaughter after trial by jury and was subsequently sentenced to serve 9 years at hard labor in the custody of the Louisiana Department of Corrections.
Defendant reserved 19 bills of exceptions during the proceedings. On appeal, he presents arguments on 11 of the bills. For the reasons discussed below, however, we hold that we are unable to review the arguments.
Article 920 of the Code of Criminal Procedure sets forth the matters this Court may consider on appeal. Prior to its amendment by Act 207 of 1974, that article limited our review to (1) formal bills of exceptions which had been submitted to *104 and signed by the trial court and (2) errors discoverable by a mere inspection of the pleadings and proceedings. The record in the instant case does not contain any bills of exceptions; consequently, under Article 920 as it was in effect on October 26, 1973, when defendant's motion for appeal was granted, our review of defendant's conviction would be confined to a review for discoverable error.
Act 207 of 1974, however, became effective on July 31, 1974, after defendant's motion for appeal, but prior to the return date, December 15, 1974. Although defendant does not express this argument, as indeed he presents no explanation concerning the failure to perfect bills of exceptions, conceivably defendant takes the position that our review is governed by Article 920 as amended.
Article 920 as amended provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
The Official Revision Comment to the article states: "The 1974 amendment to clause (1) basically conforms the article to the assignment of errors procedure. For errors to be included in the assignment of errors reviewable on appeal, the requisite procedures must have been followed. See Arts. 841, 842, 844, 845, 851, 859."
Defendant has not complied with the assignment of errors procedure. Specifically, he has failed to follow the provisions of Article 844 requiring that a written designation of those errors to be urged on appeal be filed with the trial court. Consequently, the alleged trial errors are not before us for review.
We have reviewed the record for errors discoverable by inspection of the pleadings and proceedings, Art. 920(2), and we have found none.
Accordingly, the defendant's conviction and sentence are affirmed.