319 So.2d 404 (1975)
STATE of Louisiana
v.
George WILLIAMS.
No. 56432.
Supreme Court of Louisiana.
October 1, 1975.
Thomas J. Ford, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
George Williams was charged by bill of information with distribution of heroin in violation of La.R.S. 40:966. He was tried by a jury on November 22, 1974 and found guilty as charged. Thereafter, he was sentenced to life imprisonment. His appeal to this court is predicated on a single assignment of error.
An objection was made at trial to the ruling of the trial judge that Detective Melvin Howard, a narcotics investigator employed by the New Orleans Police Department, was an expert in the identification of "track marks" made by needle punctures along the veins of heroin users.
Article 920 of the Code of Criminal Procedure sets forth the scope of appellate review:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and

*405 (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
La.Code Crim.P. art. 920 (1966), as amended, La.Acts 1974, No. 207, § 1, effective July 31, 1974. The Official Revision Comment to this article states:
The 1974 amendment to clause (1) basically conforms the article to the assignment of errors procedure. For errors to be included in the assignment of errors reviewable on appeal, the requisite procedures must have been followed. See Arts. 841, 842, 844, 845, 851, 859.
Article 844 of the Louisiana Code of Criminal Procedure, as amended by Acts 1974, No. 207, § 1, provides:
The party appealing shall designate, in writing, those errors which are to be urged on appeal.
This assignment of errors shall be filed within the time specified by the trial judge.
The trial judge may submit such per curiam comments as he desires.
Defendant has not complied with the assignment of errors procedure. Specifically, he has failed to follow the provisions of article 844 requiring that the written designation of those errors that are to be urged on appeal be filed with the trial judge. Consequently, the alleged trial error of which defendant complains in his brief is not before us for review. State v. Donnell, 318 So.2d 3 (La.1975); State v. Shillow, 310 So.2d 103 (La.1975).
We have reviewed the record for errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence and have found none. La.Code Crim.P. art. 920(2) (1966), as amended, La.Acts 1974, No. 207, § 1, effective July 31, 1974.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.