MARCUS, Justice.
Roy Milton Williams was charged by indictment with second degree murder in violation of La.R.S. 14:30.1. After trial by jury, he was found guilty of manslaughter. Thereafter, he was sentenced to serve twelve years at hard labor. On appeal, he relies upon two alleged errors at trial for reversal of his conviction and sentence.
In his brief to this court, defendant contends that the trial judge erred in sustaining the state’s objection to his reading and citing excerpts from cases allegedly similar to the one at bar. He also alleges that the trial judge erred in permitting the state, over his objection, to question him on the witness stand as to whether he had any prior convictions.
We are, however, unable to review his arguments. Article 920 of the Code of Criminal Procedure sets forth the scope of appellate review :
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
La.Code Crim.P. art. 920 (1966), as amended, La. Acts 1974, No. 207, § 1, effective July 31, 1974. The Official Revision Comment to this article states :
The 1974 amendment to clause (1) basically conforms the article to the assignment of errors procedure. For errors to be included in the assignment of errors reviewable on appeal, the requisite procedures must have been followed. See Arts. 841, 842, 844, 845, 851, 859.
Defendant has not complied with the assignment of errors procedure. Specifically, he has failed to follow the provisions of article 844 requiring that the written designation of those errors that are to be urged on appeal be filed with the trial court. Consequently, the alleged trial errors of which defendant complains in his brief aré not before us for review. State v. Williams, 319 So.2d 405 (La.1975); State v. Donnell, 318 So.2d 3 (La.1975); State v. Shillow, 310 So.2d 103 (La.1975).
We have reviewed the record for errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence and have found none. La.Code Crim.P. art. 920(2) (1966), as amended, La. Acts 1974, No. 207, § 1, effective July 31, 1974.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, dissents.