SUMMERS, Justice.
This trial, conviction and sentence occurred in January, 1973, as a result of a bill of information filed in November, 1972, charging David Brown and Russell Eugene Wyman with armed robbery. Upon conviction each defendant was sentenced to serve thirty years at hard labor in the custody of the Department of Corrections. Both appealed and rely on three bills of exception to set the sentences aside and reverse the convictions.
BILL 1
Appellant David Brown, having taken the stand, testified on direct examination as follows:
“Q. At the time you were arrested, what were you doing in the way of working or anything ?
A. Well, I was attending school — sheet metal work — at New Orleans Vocational on Louisa Avenue.
Q. Were you drawing compensation while you were going to school ?
A. Yes, C.A.P.T. give me $50 a week, and Uncle Sam give me $278 a month and benefits.
Q. You’re a veteran ?
A. Yes, I am.
Q. How long did you serve in the Army ?
A. Three years and six months.
Q. Did you serve overseas.
A. Yes, I did.
BY MR. SCIAMBRA: (Assistant District Attorney) Objection. This is all irrelevant.
BY THE COURT:
Maintained.”
Defense counsel made no objection to the court’s ruling and continued questioning Brown on his schooling and employment. Despite the failure to object, the defense submitted a bill of exception in which he sets forth that during the course of the trial defense counsel attempted to question the witness as to his military record to establish his credibility and a prosecution objection to this line of questioning was sustained.
As the trial occurred in 1973, it was then governed by Article 841 of the Code of Criminal Procedure before its amendment by Act 297 of 1974. As then in effect the Article provided:
“An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.
This bill has no merit.
BILL 2
This bill complains that during the prosecution’s cross-examination of defense witness Harold Woods, the prosecutor advised the witness of the testimony of a previous defense witness, to which defense counsel obj ected and was overruled.
The questions and answers involved are:
“Q. If I were to tell you that both Tero and Jock testified that you weren’t there after 7:30, what would you say ?
*703 A. I’d say that was wrong.”
The state argued at the trial that the object of the question was to impeach the defense witness.
Defense counsel argues, on the other hand, that at the beginning of the trial he moved for a sequestration of the witnesses and this type cross-examination violated the rule of sequestration and served only to falsely intimidate the witness.
The trial judge was of the opinion that the question fell within the latitude allowed for cross-examination. He expressed the further opinion in his per curiam that the question did no violence to the rule of sequestration because the witness on the stand had no opportunity to collaborate with the other witnesses, who had testified previously, and concoct a false story. Rather, the judge was of the opinion that the jury had the benefit of the witness’s reaction and could better judge his credibility.
The ruling was correct. This bill has no merit.
BILL 3
In a defense motion for a new trial it is alleged: “The court erred in instructing the jury on the statute relative to a presumption of evidence not introduced, said instruction not being appropriate with the facts brought out at the trial.”
The defense brief sets forth that this bill was taken during the court’s instructions to the jury. However, the transcript here does not contain the judge’s instructions to the jury and they are not attached to the bill of exceptions as required by Article 844 of the Code of Criminal Procedure prior to its amendment by Act 207 of 1974.
Although the defense does not cite the statute referred to in the motion for a new trial, and the State has not argued this bill in brief, it is apparent the defense is referring to that clause in Section 432 of Title IS of the Revised Statutes which provides that a legal presumption exists “that evidence under the control of a party and not produced by him was not produced because it would not have aided him.”
A complete transcript of the testimony is in the record but the defense does not point out how this instruction resulted in error, other than to make the conclusory allegation that the instruction was not “appropriate within the facts brought out at trial.”
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.