341 So.2d 390 (1976)
STATE of Louisiana
v.
Guy Michael WIENTJES, a/k/a Gary Wientjes.
No. 58369.
Supreme Court of Louisiana.
December 13, 1976.
*391 Ollie Bernard Boddie, Bossier City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., B. Woodrow Nesbitt, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On December 16, 1975, Guy Michael Wientjes, a/k/a Gary Wientjes, was indicted for distribution of methamphetamine as a person at least eighteen years of age to a person under eighteen years of age who was at least three years his junior, in violation of La. R.S. 40:968 and La. R.S. 40:981(C). Wientjes was convicted by a twelve member jury and sentenced to serve ten years at hard labor.
On appeal defendant relies on three of four assigned errors for reversal of his conviction and sentence. Assignment of error number three, having been neither briefed nor argued before this Court, is considered abandoned. State v. Phillips, 337 So.2d 1157 (La. 1976). Defendant in his brief attempts to raise additional grounds for relief not assigned as errors, contrary to the express requirements of Louisiana Code of Criminal Procedure Articles 844 and 920. These arguments, unaccompanied by proper assignments of error or errors discoverable by mere inspection of the pleadings and proceedings, will not be considered. State v. Williams, 325 So.2d 582 (La. 1976).
The charges against the defendant, and his subsequent conviction, were based on his sale, on September 28, 1975, of three grams of methamphetamine to Ms. Annette Waner, a minor. As part of an investigation of illicit drug distribution in the Shreveport area, conducted jointly by the Shreveport Police Department and the Louisiana State Police, undercover agents had arranged to purchase from Ms. Waner a quantity of methamphetamine. Ms. Waner, unaware that she was dealing with undercover police agents, was to buy the drugs from her supplier and in turn sell them to the agents at a profit.
After a series of telephone conversations between the agents and Ms. Waner, and between Ms. Waner and her supplier, later determined to be the defendant, it was agreed that the transactions would be consummated at approximately six p.m. on September 28, 1975, at Ms. Waner's place of employment, the Don Theater in downtown Shreveport.
Undercover agents stationed outside the theater observed the defendant's arrival at the theater at the appointed time. One of them, with the aid of binoculars witnessed the defendant exchange objects with Ms. Wanerthe latter receiving the drugs and giving the defendant seventy five dollars. The exchange was also witnessed by an informant who was working with the police in the investigation. In addition to the testimony of several agents, identifying the defendant and describing their observations of the transaction, Ms. Waner testified that the defendant sold to her three grams of methamphetamine on the evening of September 28, 1975.
*392 ASSIGNMENT OF ERROR NO. 1
After recordation of the verdict of guilty, defendant filed a motion in arrest of judgment alleging that the offense charged in the indictment was not punishable under a valid statute, in that La. R.S. 40:981(C) does not define an offense, but rather provides for the enhancement of punishment where certain controlled dangerous substances are distributed by a person at least eighteen years of age to a person under eighteen years of age and at least three years his junior. Defendant assigns as error the trial judge's denial of this motion.
Defendant was not prosecuted simply for having violated La. R.S. 40:981(C). The indictment also specifically cited La. R.S. 40:968 as having been violated by the defendant, and further alleged that the defendant, "a person at least eighteen years of age, * * * did knowingly and intentionally distribute * * * Methamphetamine, to a person under eighteen years of age who [was] at least, three years his junior, * * *." (Emphasis supplied.)
Louisiana Code of Criminal Procedure Article 464, according to Comment (a) thereto, governs the nature and content of indictments charging violations of the state narcotics laws. It provides that an indictment
"* * * [S]hall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state * * * the official or customary citation of the statute which the defendant is alleged to have violated. * * *"
The indictment in the present case sufficiently complied with the requirements of this article, and it clearly charged the defendant with an offense punishable under a valid statute.
The trial judge's denial of the motion in arrest of judgment was correct. There is no merit in defendant's first assignment of error.
ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in failing to grant his motion for a new trial insofar as it was based on the following claims:
1. The trial judge improperly admitted as evidence hearsay testimony by Annette Waner; and
2. The trial judge improperly admitted evidence alleged by the State to be methamphetamine for which a proper clain of custody was not established.
In his brief, defendant argues that Annette Waner, who purchased three grams of methamphetamine from the defendant on the evening of September 28, 1975, should not have been allowed to give hearsay testimony concerning alleged telephone conversations with the defendant under the res gestae exception to the hearsay ban, because the conversations occurred several hours prior to the transfer of the methamphetamine, and did not form, in connection with the crime, a single continuous transaction.
Ms. Waner, testifying in behalf of the State, explained that she had three telephone conversations with the accused during the afternoon of September 28, 1975. The first of these conversations occurred at approximately 12:30 p.m. Ms. Waner called the defendant and asked if he could supply her with three grams of methamphetamine. Wientjes asked Ms. Waner to call back later. She did, and was informed that he could deliver the drugs as requested at a price of twenty-five dollars per gram. Later that afternoon, after the undercover agents arrived at the theater to make the purchase from Ms. Waner, she again called the defendant, informing him that her "connection" had arrived, that she had the money, and asking him to deliver the drugs.
At no time during the course of Ms. Waner's testimony did the defendant object to its admission on the basis of its hearsay character.
According to Louisiana Code of Criminal Procedure Article 841 "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. * * *" Because there *393 was no contemporaneous objection to the admission of Ms. Waner's testimony, defendant's assignment of error insofar as it is predicated on the supposed erroneous introduction of hearsay testimony, presents nothing for this Court to review. State v. Brown, 329 So.2d 701 (La. 1976); State v. Charles, 326 So.2d 335 (La. 1976); State v. Phanor, 325 So.2d 579 (La. 1976).
Defendant also contends a new trial should have been ordered because the State failed to establish a proper chain of custody as a predicate to the introduction of the methamphetamine alleged to have been sold by him to Ms. Waner, and by her to the undercover agents.
Before offering the drugs into evidence the State adduced substantial testimony to the effect that they were the same drugs delivered by Wientjes to Ms. Waner; that Ms. Waner had, in turn, sold them to the undercover agents; that they had been placed by the police in a sealed envelope and delivered to the Northwestern Louisiana Criminalistics Laboratory for analysis; and that chemical analysis confirmed that they were in fact methamphetamine, a controlled dangerous substance, the distribution of which is proscribed by La. R.S. 40:968.
The State clearly established that it was more probable than not that the drugs introduced at trial were those sold by the defendant to Annette Waner. Such a showing justifies the trial judge's decision to admit the drugs into evidence. State v. Keys, 328 So.2d 154 (La. 1976); State v. Flood, 301 So.2d 637 (La. 1974); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
For the foregoing reasons, defendant's second assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error defendant makes the general allegation that the trial court erred in admitting into evidence documents which were irrelevant and for which no proper foundation had been laid.
The only documents introduced into evidence by the State over defense objection were certified copies of Ms. Waner's application for a driver's license, Ms. Waner's and the defendant's driver's licenses, and their birth certificates. At trial the defendant insisted to no avail that the custodian of the original documents must testify as to their authenticity. Presumably, defendant's vague assertion in his fourth assignment of error that documents were admitted without proper foundation refers to the failure of the trial judge to require that the custodians of the documents personally verify their authenticity at trial.
However, litigants have been relieved of this burden by statute in Louisiana.
La. R.S. 13:3711 provides:
"Copies of any books, records, papers or other documents of any of the executive and administrative departments, boards, and agencies of this state, and copies of any books, records, papers, or other documents of any of the political corporations, bodies politic, boards, departments and agencies of this state and the parishes and municipalities thereof, when certified as being true copies by the official, officer or employee in whose custody they may be, shall be admitted in evidence in all courts of this state, equally with the originals of such books, records, papers or other documents."
La. R.S. 13:3712, in pertinent part, provides:
"A. Certified copies of books, records, papers or other documents provided in R.S. 13:3711 shall be prima facie proof of the existence and contents of the originals and of any act, transactions or occurrence or event as a memorandum of which said books, records, papers or documents were kept or made.

"* * *"
We have found no criminal cases in which these statutes alone have been relied upon for introduction of documentary evidence. Cf. State v. Moity, 245 La. 546, 159 So.2d 149 (1963). However, it is well established that certified copies of state hospital records may be introduced in criminal *394 proceedings under a similar statute, La. R.S. 13:3714, without violation of the constitutional guarantee of an accused to be confronted by the witnesses against him. State v. Trahan, 332 So.2d 218 (La. 1976); State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970). We note that La. R.S. 13:3714 specifically provides "that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination." Undoubtedly, a defendant would have this right even in the absence of such a provision and does have this right in the event documents are introduced, as here, under La. R.S. 13:3711-12. Since defendant in the instant case asserts no objection to the admissibility of the documents other than the failure of their custodians to appear in court, and this requirement has been dispensed with legislatively for purposes of making prima facie proof of the existence and contents of documents in custody of state agencies, we find no merit in defendant's fourth assignment of error.
For the foregoing reasons, defendant's conviction and sentence are affirmed.