352 So.2d 661 (1977)
STATE of Louisiana
v.
Ronald PROVOST.
No. 59756.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*663 J. Minos Simon, J. Minos Simon, Ltd., Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Ronald Provost was charged by bill of information with the crime of attempted murder of Joseph P. Landry. After trial by jury, he was found guilty as charged and was sentenced to serve eight years at hard labor. On appeal, defendant relies on three assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in permitting the state to introduce evidence which established that the pistol allegedly used in the commission of the crime was a stolen weapon. He argues that such evidence was irrelevant and prejudicial in that it necessarily implied that defendant had stolen the weapon.
At trial, the state called to the stand Barbara Rogers, office manager of a discount store in Lafayette who was in charge of the store's records regarding the receipt and sale of weapons. When asked whether the records contained any information concerning the gun allegedly used in the commission of the crime, the witness responded that the gun was not marked as sold to anyone and was listed as stolen. Without objection, she continued that she had no knowledge of when the theft occurred. On cross-examination, the witness admitted that she had not personally made the entries in the records of the receipt and theft of the pistol. At the conclusion of cross-examination, defense counsel moved to strike the witness' testimony on the grounds that the witness was not qualified to testify as to the store's records pertaining to this weapon and the testimony was irrelevant unless the state intended to prove that defendant had stolen the weapon. Defense counsel continued that, if such was the intent of the state, the state would be attempting to prove a crime not charged in the indictment and defense counsel would move for a mistrial. In response to defense counsel's inquiry, the prosecutor explained that the testimony was offered to prove a link in the chain of evidence. He continued that defendant had not been charged with theft and he did not know whether defendant would be so charged in the future or not. Thereupon, defense counsel moved for a mistrial. He argued that the prosecutor's remark compounded the previous prejudicial testimony relating to the theft of the gun by connecting it with defendant. The trial judge denied defendant's motion for a mistrial.
Defendant's objection to the allegedly irrelevant and prejudicial testimony of the witness was raised by a motion to strike at the conclusion of cross-examination rather than by a contemporaneous objection to the alleged error. A motion to strike testimony is unknown to the criminal law of Louisiana. To bar testimony at trial, a contemporaneous objection is required. State v. Nix, 327 So.2d 301 (La.1975); State v. Vince, 305 So.2d 916 (La.1974); State v. Richmond, 278 So.2d 17 (La.1973); State v. Isaac, 261 La. 487, 260 So.2d 302 (1972). Hence, if the motion to strike is treated as an objection to the testimony, it came too late and cannot be availed of on appeal. La.Code Crim.P. art. 841; State v. Williams, 343 So.2d 1026 (La.1977).
Defendant did not designate the denial of his motion for a mistrial grounded on the prosecutor's remark allegedly connecting defendant to the theft of the gun as an error to be urged on appeal. Hence, the alleged error is not before us for review. La.Code Crim.P. art. 844; State v. Spears, 350 So.2d 603 (La.1977); State v. Wientjes, 341 So.2d 390 (La.1976); State v. Thomas, 329 So.2d 704 (La.1976); State v. Williams, 325 So.2d 582 (La.1976); State v. Williams, 319 So.2d 404 (La.1975). Nevertheless, we have examined defendant's contention. Although we conclude that the evidence of the theft of the gun from the discount store was not relevant in establishing the defendant *664 was in possession of the weapon when the offense was committed, this evidence had already come into the record without objection as previously noted. Moreover, on cross-examination, defense counsel questioned the witness extensively on the theft of the gun and requested that the prosecutor clarify whether he planned to establish that defendant was the person responsible for the theft. Prior to this inquiry, defendant was not linked in any way to the theft. Moreover, the prosecutor's remark that he did not know whether or not defendant would be charged with the theft was responsive to defense counsel's request. Under these circumstances, we are unable to say that the trial judge erred in denying defendant's motion for a mistrial.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in permitting the state to introduce in evidence a pistol. He argues that an insufficient foundation was laid by the state prior to its introduction in evidence.
At trial, Joseph P. Landry, the victim of the crime, testified that on June 13, 1973, he was working the midnight to 8:00 a. m. shift at the Doc Bonin Power Plant in Lafayette along with defendant and Ralph Cunningham. Around 3:00 a. m., he left the control room located on the third level of the power plant and went to the kitchen on the ground floor to eat his meal. Landry testified that no one was in the kitchen at that time. He was seated with his back to the door and was eating his meal when he heard the door open, turned and saw defendant standing directly behind him. Defendant then walked to the soft drink machine behind Landry. The witness related that at that moment he heard an explosion and felt something strike him in the back of the head. He turned and saw defendant who then moved in front of him. Landry testified that he observed that defendant was holding an object in one hand pointing it at him and was working it with his other hand. He was unable to discern what the object was. Thereupon, Landry fled from the kitchen and attempted to climb the stairs to the control room but was unsuccessful because of his weakness from the blow. He stated that during this time defendant was pursuing him and was apparently reloading the object. Landry then ran to the elevator on the ground floor near four chemical tanks and caught it to the third floor control room where he found Cunningham and related to him that defendant had hit him. Shortly thereafter, Landry was taken to the hospital where metal fragments were removed from his head.
Gene Melancon, a water analyst at the power plant, testified that five days after the shooting (June 18) as he prepared to place chemicals in the tanks situated on the ground floor near the elevator he noticed a shiny object in the basket of one of the tanks which was identified as a spent cartridge. With the aid of a magnet, he discovered a pistol at the bottom of the tank. After the tank was drained, the gun was removed and surrendered to the police. The pistol was then marked for identification and stored in the evidence room at the police station until it was released to the Acadiana Crime Laboratory where it was subsequently stored until delivered to the assistant district attorney for trial. Sergeant Sidney Broussard, Jr. testified that the weapon was in a jammed condition when removed from the tank.
Ralph Huval, a criminologist for the Acadiana Crime Laboratory, testified that the weapon recovered from the tank was a .22 caliber pistol. He further stated that, although the lead particles removed from Landry's head were fragments of a .22 caliber bullet, he was unable to determine whether the bullet was fired from the gun discovered in the tank due to the damaged condition of the fragments.
For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. State v. Williams, 341 So.2d 370 (La.1976); State v. Collins, 328 So.2d 674 *665 (La.1976). Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Hayes, 306 So.2d 705 (La.1975); State v. Freeman, 306 So.2d 703 (La.1975). Ultimately, connexity is a factual matter for determination by the jury. State v. Hayes, supra; State v. Freeman, supra; State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Wright, 254 La. 521, 225 So.2d 201 (1969).
In the instant case, the .22 caliber pistol was discovered within five days of the offense on the plant site near the area where the crime was committed. When discovered, the weapon was in a jammed condition which corroborated Landry's observation that defendant was working the object with his hand immediately after the shooting. Furthermore, the evidence revealed that the victim was wounded by a .22 caliber bullet. Based on the foregoing facts, we conclude that it was more probable than not that the pistol was the weapon connected with the case. Accordingly, the trial judge did not err in admitting it in evidence.
Assignment of Error No. 2 lacks substance.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion for a new trial.
Defendant first urges that the verdict is contrary to the law and evidence. It is well settled that such an allegation presents nothing for this court's appellate review. State v. Williams, 343 So.2d 1026 (La.1977); State v. Jack, 332 So.2d 464 (La.1976); State v. Bartley, 329 So.2d 431 (La.1976).
The second and third grounds for defendant's motion assert allegations previously considered in Assignments of Error Nos. 1 and 2 and, for the reasons assigned therein, are without merit.
Defendant's fourth basis for his motion for a new trial is the discovery of allegedly new and material evidence consisting of the testimony of Dr. David J. Reese, a psychiatrist who had treated Ralph Cunningham, a co-worker of defendant and the victim, for acute and chronic paranoid schizophrenia and who had interviewed defendant in connection with his treatment of defendant's wife. The testimony purportedly would tend to prove that Cunningham might possibly have committed the crime because of his predisposition for violence and his distrust of others attributable to his mental condition while defendant did not have any personality defects which would have predisposed him to attempt to kill the victim. Dr. Reese testified as such at the new trial hearing, but, by his own admission, his opinion was speculative and "not highly reliable." Although defendant contends that, based on Dr. Reese's testimony at the new trial hearing, this information was disclosed to the assistant district attorney prior to trial, the assistant district attorney in his testimony at the hearing emphatically denied that he knew of this information prior to trial but rather testified that Dr. Reese did not divulge this information to him until after defendant was convicted. In denying the motion for a new trial, the trial judge expressed his belief that the information had not been conveyed to the assistant district attorney prior to trial and therefore the state had not withheld the evidence.
La.Code Crim.P. art. 851(3) dictates that the court on motion of defendant shall grant a new trial whenever:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
This court has consistently held that the trial judge is accorded considerable discretion in evaluating the impact of newly discovered evidence on the verdict and its reliability, and his ruling will be disturbed on appeal only where there is a clear showing of abuse of discretion. State v. Williams, 343 So.2d 1026 (La.1977); State v. Brown, 338 So.2d 686 (La.1976); State v. Robinson, *666 337 So.2d 1168 (La.1976); State v. Phanor, 325 So.2d 579 (La.1976). In considering a motion for new trial based on newly discovered evidence, the test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a different result than the verdict reached. State v. Williams, supra; State v. Brown, supra; State v. Jackson, 253 La. 205, 217 So.2d 372 (1968). In view of the speculative nature of the testimony, we are satisfied that the newly discovered evidence presented by defendant does not meet this test. We therefore conclude that the trial judge did not abuse his discretion in denying defendant's motion for a new trial on this basis.
In sum, Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.