FRED W. JONES, Jr., Judge.
The defendant, Victor Johnson, was found guilty by a jury of second degree murder (R.S. 14:30.1), as charged, and sentenced to life imprisonment without benefit of parole, as mandated by statute. The defendant appealed his conviction and sentence, reserving five assignments of error, two of which were abandoned.

Factual Context

On May 18, 1984, 19 year old Victor Johnson was living in the Springhill home of Celestina Jones and her three children, Nikia, Ayunna and 16 month old Reginald. Ms. Jones left for work at a local drive-in shortly before 11:30 o’clock A.M. Nikia had earlier gone to the home of her grandmother and Ayunna had departed for school. Reginald was left in the care of Johnson.
In the early afternoon Johnson took Reginald, apparently injured and unconscious, to the place of business where the mother was employed. Johnson explained that the child had become submerged in the bathtub. When resuscitation efforts failed, Reginald was taken for treatment to the community hospital. He was examined, given emergency treatment, and then immediately transported to the L.S.U. Medical Center in Shreveport.
*1101 X-rays taken at the Medical Center revealed that the injured child probably had sustained a fractured skull. He also had abdominal injuries, including a tear in the liver. Surgery was performed to relieve a subdural hematoma (blood between brain and brain casing). Despite the efforts of the attending physicians, Reginald died the following day from his injuries.
An autopsy was performed by Dr. George McCormick II, Caddo Parish Coroner and forensic pathologist. He found that the child had suffered multiple closed abdominal injuries, including damage to the liver and the pancreas. There was also evidence of severe injuries to the chest— bruises on both lungs, severe bruising on the back of the heart, and blood along the spinal column beneath the lining of the chest cavity.
Dr. McCormick also found indications of injuries to the head, skull and face. There was bruising on the upper gums, beneath the scalp on the entire right side of the head, and some mild hemmorhage beneath the scalp on the left side of the head. There was additional bruising beneath the scalp on the front of the head, over the forehead, and at the hairline. Also discovered was a long fracture on the right side of the skull, extending from the occiput to the right temple region. There was a laceration of the brain with hemorrhage into it.
It was Dr. McCormick’s opinion that the head injuries were caused by two separate but roughly equal blows. None of the findings were related to drowning.
In summary, Dr. McCormick concluded that Reginald had been literally beaten to death. As a consequence, Johnson was arrested and subsequently indicted for second degree murder of the child.
Assignments of error are not discussed chronologically, but in the order addressed in defendant’s brief.
ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in limiting his questioning on voir dire of prospective juror Carter and in failing to sustain his challenge for cause of Carter.
Upon his initial interrogation Carter stated that he would be generally inclined to give greater weight to the testimony of a deputy sheriff than to that of a lay witness. Defense counsel was permitted to question the prospective juror about this, before turning to another area. The trial judge explained to Carter the law concerning weighing testimony of witnesses. Carter assured the trial court that he would follow its instructions and weigh the evidence accordingly.
Our review of the record reveals that defense counsel had ample opportunity to question Carter on all aspects of his fitness to serve.
The scope of voir dire examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Williams, 457 So.2d 610, 613 (La.1984).
Furthermore, the trial judge committed no error in denying the challenge for cause, in view of the fact that the prospective juror was successfully rehabilitated.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 5
Defendant asserts the trial judge erred in permitting one of the physicians, Dr. McVie, to refer to hospital records in his testimony.
As pointed out in State v. Wientjes, 341 So.2d 390 (La.1976):
“... it is well established that certified copies of state hospital records may be introduced in criminal proceedings ... without violation of the constitutional guarantees an accused to be confronted by the witnesses against him.”
Also see La.R.S. 13:3714 et seq.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt.
*1102 The defendant testified that at about 1:00 o’clock P.M. on the day in question Reginald “messed up” his clothing. Thereupon, Johnson removed the soiled apparel and placed the child in about one foot of water in the bathtub. Leaving to secure a towel and then returning, Johnson said that he found Reginald lying on his back in the water, with his head turned toward the side. Johnson claimed that he jerked the child from the tub and proceeded to “grab and squeeze” his stomach. This was followed by use of mouth-to-mouth resuscitation. Upon the failure of these efforts to revive Reginald, Johnson said he rushed the child to the place where his mother worked.
No physician who testified found any evidence that Reginald had drowned. Dr. Hunsinger, pediatrician at the Springhill hospital, said that X-rays showed the child’s lungs to be clear. Dr. McVie, pediatric endocrinologist at L.S.U. Medical Center, stated that Reginald’s injuries were “totally inconsistent with a near drowning.”
The appellate standard of review of the sufficiency of evidence requires that when the evidence is viewed in the light most favorable to the prosecution it must be sufficient for a rational juror to conclude that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This test applies to cases where the conviction is based upon both direct and circumstantial evidence. This standard of review also encompasses La.R.S. 15:438, which requires that circumstantial evidence exclude every reasonable hypothesis of innocence. See State v. Norris, 457 So.2d 119 (La.App. 2d Cir.1984); La.C.Cr.P. Article 821(B).
We find in this case sufficient evidence for a rational fact-finder to conclude beyond a reasonable doubt that every reasonable hypothesis of defendant’s innocence was excluded.
This assignment has no merit.

Decree

For the reasons explained, defendant’s conviction and sentence are affirmed.